## The Independent Life Insurance Co. of America v. Rider.

(Decided November 12, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Insurance, Life—Action to Recover Upon—Character of Policy— Question as to Fraud in Issuance—Evidence.—Where, in an action upon a policy of life insurance, the defense is that it was obtained by fraud, and it appears that the insured made neither a written nor an oral application for the insurance, and it is nowhere shown that he made or concealed any statements to induce the issual of the policy; and that the policy is not of the character embraced in sections 639 and 679 of the Kentucky Statutes, which sections it appears were sought to be avoided in its issual, the judgment upholding the policy was proper.

PAUL BLACKWOOD for appellant.

TAYLOR & McKEE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was brought by Mary K. Rider upon a life insurance policy issued by appellant upon the life of her husband, Walter E. Rider, she being the beneficiary named in the policy. The policy provided for the payment to her of $228.00, subject to certain conditions named therein, upon the death of her husband. The contract of insurance provided for weekly payments of twenty cents and this provision was complied with to the death of Walter E. Rider, on January 4, 1910. By an answer and an amended answer, appellant presented

as defense to the action, the following grounds: It is alleged that it is not bound to pay the amount of insurance named in the policy, unless at the date of the delivery of the policy to the insured he was "alive and in sound health" as provided in the policy which also provided:

"This policy is void if the insured before its date has been rejected for insurance by this or any other company, or has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease, or chronic bronchitis, or cancer; or disease of the heart, liver, or kidneys;" &c.

It is alleged that Rider was not in sound health at the time the policy was delivered; that he had been rejected for insurance by other companies and had, previous thereto, been attended by a physician for some serious disease or complaint; that he had, before the delivery of the policy, been afflicted with all the diseases named in the clause above copied, and that he had, for these reasons, obtained the policy of insurance by fraud.

It appears that Rider made neither a written nor oral application for the insurance, and it is no where alleged or proved that he concealed any fact or made any statements, either true or false, to induce appellant to issue the policy. The substance of appellant's claim is that, as the policy contained the clause above quoted, Rider's acceptance and retention of the policy amounted to fraud on his part. It does not appear that he ever read the policy or that it was ever read to him. The pleadings assume that he knew the language referred to was in the policy and that he understood its meaning and purport. The lower court sustained a demurrer to the answer and amended answer, except in so far as they denied the allegations of the petition, and rendered a judgment in behalf of appellee for the full amount of the policy.

The contract sued on also contains the following provision which aids in elucidating the matter, to-wit:

"If this policy is or shall become void, all premiums paid shall be forfeited to the company, except as provided," &c.

The only exception provided is where the policy is surrendered to the company within two weeks after its delivery to the insured. By another clause it is provided:

"This policy shall be incontestable from date, except for fraud or misstatement of age."

This policy seems to have been drawn with a view of defeating or of avoiding sections 639 and 679 of our statutes. It is not alleged that Rider made any statements or representations to obtain the policy; therefore the first section named does not apply for it has reference to the making and the effect of such statements and representations; nor does the policy contain any reference to any application or by-law as forming a part of the contract, therefore section 679 is avoided.

That provision of the policy which provides that it shall be incontestable from its date, except for fraud, eliminates all other questions. It is not claimed that Rider either before the policy was issued, or at the time it was issued, or at any time thereafter made any statement or refused to answer any questions with reference thereto; nor is it claimed that he in the slightest deceived or attempted to deceive appellant or its agent, therefore it is difficult to understand how it can now plead that Rider fraudulently represented that none of the conditions existed. It certainly cannot say that it was thereby induced to insure him for it only claims that his acceptance and retention of the policy constituted the fraud. Assume that all the conditions named in the policy existed and that Rider was an undesirable risk; that he received, read and understood the purport of the policy and retained it with the knowledge that he was not a proper subject for insurance, but little sympathy can be felt for a company that deals with persons who purchase industrial insurance, that makes such fraud so easy. The policy contains no provision requiring Rider to return it if he learned upon reading it that he was an undesirable risk. In all probability, Rider never thought of committing a fraud by retaining the policy. His idea probably was that to commit a fraud he must either do something, misrepresent something or conceal something when asked, which would materially affect the risk. No policy like this one has ever been construed by this court, that we can find or have been referred to. We agree with the court in the thought expressed by the following language:

"If Rider was a good enough risk for defendant to accept his premiums without inquiry during his life-

time, he was a good enough risk for it to pay the insurance now that he is dead.''

For these reasons, the judgment of the lower court is affirmed.