## Commonwealth Life Insurance Co. v. Rider.

(Decided March 28, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Insurance, Life—When Provision of Policy Cannot Be Relied on to Relieve Liability—Fraud.—In this action on two industrial insurance policies of $200.00 and $300.00 respectively, issued on the life of the insured and payable to his wife, as neither a written application by nor medical examination of the insured was required, a provision in each policy declaring "this policy is void, if insured before its date has had consumption or disease * * * of the kidneys," cannot be relied on by the insurance company to relieve it of liability on the policies, in the absence of a showing of fraud on the part of the assured in procuring the policies.

2. Insurance, Life—Action Upon Policy—What Not Defense To—Absence of Fraud.—As it is not alleged in the answer that at the time of issuing the policies, the appellant made any inquiry of the insured as to the condition of his health, or that he made any statement in respect thereto, false or otherwise, upon which it relied in issuing the policies, the facts alleged did not show fraud and appellant is estopped to postpone until his death, ascertainment as to what the condition of his health was at the time the policies were issued. Therefore no defense was presented by the answer and the demurrer was properly sustained.

BURNETT, BATSON & CARY for appellant.

TAYLOR & McKEE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, an industrial insurance company, issued two policies on the life of appellee's husband, Walter E. Rider. One for $200.00, bearing date December 7, 1908; the other for $300.00, December 28, 1908. The premium on the $200.00 policy was sixteen cents per week; that on the $300.00 policy, twenty-four cents per week. Both policies were payable to appellee at the death of the husband, and were made incontestable after two years, though neither had become so before the insured's death.

A medical examination of the insured was not necessary to obtain the policies, nor was a written application required. The entire contract of insurance is contained in the policies. Following the death of the insured, appel-

lant refused to pay the policies and this action was brought by the beneficiary to enforce their payment.

Each policy contains this provision:

"This policy is void, if insured before its date has consumption or disease * * * * of the kidneys."

The answer set up the above provision of the policies alleged its breach, denied liability on the policies by reason thereof; and with the filing of the answer tendered to appellee a return of the premiums paid on the policies. As sustaining the claim of a breach of the provision of the polices in question, the answer, as amended, alleged fraud on the part of the insured in obtaining the policies and that he had confirmed tuberculosis and chronic disease of the kidneys before the date of the policies and when they were issued.

A demurrer was sustained to the answer as amended and appellant failing to plead further, judgment was rendered in appellee's favor for the amount named in each of the policies. From that judgment this appeal is prosecuted.

It is not alleged by appellant that it made any inquiry of insured as to the condition of his health, or that he made in respect thereto any statement or representation, false or otherwise, upon which it relied in issuing the policies. Therefore, the facts alleged in the answer do not show fraud on the part of the insured in procuring the policies. The effect of appellant's contention is that although it issued to the insured the policies without a medical examination or inquiry as to the condition of his health, and, as long as he lived, accepted of him the premiums as they fell due, the question of its liability upon the policies is by the provision in question, to be determined after the insured's death by then ascertaining whether the conditions, the provision declares shall relieve it of liability, existed when the policies were issued. In view of the fact that appellant had every means of ascertaining when the policies were issued whether the insured was then afflicted with the diseases mentioned in the provision referred to, such an interpretation of the contract will not be allowed, for to give it that meaning would be against public policy. In other words, as said in the opinion of the circuit court:

"If the company can write on the back of its policy, without inquiry a condition that it shall be void if the insured before its delivery has had consumption or disease

of the kidneys, then it can write any and all of the multitude of diseases, family history, etc., ordinarily found in insurance applications, and this without "inquiry at the time of the issual of the policy, or as a condition to its issual, and then after the death of the insured, enter upon an investigation which could be made while the insured is alive, and if it can find in that great catalog of diseases one which would affect the risk, procure through the courts, relief from its obligation."

Since the judgment appealed from was rendered in the court below, the case of Independent Life Insurance Company v. Mary K. Rider, 150 Ky., 505, was decided in this court. A clause in the policy in that case contained among other things a provision like that in the policies sued on in the instant case, and the same defense was made by the Insurance Company in that case that is here made, but the Company was held liable for the amount of the policy. In the opinion it is said:

"This policy seems to have been drawn with a view of defeating or of avoiding sections 639 and 679 of our statutes. * * * It is not claimed that Rider either before the policy was issued, or at the time it was issued, or at any time thereafter made any statement or refused to answer any questions with reference thereto; nor is it claimed that he in the slightest deceived or attempted to deceive appellant or its agent, therefore it is difficult to understand how it can now plead that Rider fraudulently represented that none of the conditions existed. It certainly cannot say that it was thereby 'induced to insure him for it only claims that his acceptance and retention of the policy constituted the fraud.' Assume that all the conditions named in the policy existed and that Rider was an undesirable risk; that he received, read and understood the purport of the policy and retained it with a knowledge that he was not a proper subject for insurance, but little sympathy can be felt for the company that deals with persons who purchase industrial insurance, that make such frauds so easy. The policy contains no provision requiring Rider to return it if he learned upon reading it that he was an undesirable risk. In all probability, Rider never thought of committing a fraud by retaining the policy. His idea probably was that to commit a fraud he must either do something, misrepresent something or conceal something, when asked, which would materially affect the risk. We agree with the court in

the thought expressed in the following language, 'if Rider was a good enough risk for defendant to accept his premiums, without inquiry during his lifetime, he was a good enough risk for it to pay the insurance now that he is dead.' "

As in our opinion the reasoning of the opinion, *supra,* is conclusive of this case, no error was committed by the circuit court in sustaining the demurrer to defendant's answer.

Wherefore the judgment is affirmed. Whole court sitting.