## Metropolitan Life Insurance Company v. Walters.

(Decided June 25, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Insurance.—Condition avoiding life policy, unless on date of delivery insured is in sound health or if insured before its date has had certain specific diseases, applies only to ill health or diseases after application and medical inspection or examination of insured.
2. Insurance.—Condition avoiding life policy, if insured before its date has been attended by physician for any serious disease, being unlimited in time, is unreasonable and invalid.
3. Insurance—Insurer May Avoid Policy for Material False Answers to Questions as to Illnesses Suffered by Insured and Physicians Attending Him which Did Not Relate to Invalid Condition Avoiding Policy.—Where answers in life policy to requests that insured state all illnesses suffered and all physicians attending him did not relate to condition avoiding policy, if insured before its date had certain diseases, insurer is not deprived of right to avoid policy by showing answers to be false and material.

WM. MARSHALL BULLITT, LEO T. WOLFORD and BRUCE, BULLITT, GORDON & LAURENT for appellant.

HARRY N. LUKINS and LUKINS & JONES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On December 25, 1922, the Metropolitan Life Insurance Company issued to James B. Walters a policy insuring his life in favor of his administrator for the sum of $297.00. Walters died on May 23, 1923, and his widow,

who qualified as administratrix of his estate, brought this suit to recover on the policy. From a verdict and judgment in her favor the company has prayed an appeal.

Omitting the prayer, appellant's answer is as follows:

"The defendant, Metropolitan Life Insurance Company (hereinafter called the insurance company), for answer to the petition herein, states as follows, to-wit:

"On or about December 25, 1922, the insurance company signed, executed, issued and delivered to James B. Walters its adult twenty-year endowment policy of industrial life insurance, No. 68580949, wherein and whereby the insurance company, in consideration of the premium of forty-five (45) cents per week, agreed and promised to pay to the executor or administrator of the insured the sum of $297.00 upon receipt of due proof of his death, and upon the surrender of the policy."

"The said policy also contained a facility of payment clause authorizing the insurance company to make any payment provided therein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his burial.

"The policy also contained the following express condition:

"No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums hereon shall be returned. . . . This policy is void if the insured . . . on its date has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys.

"The insured was not in sound health at the time of the date of the policy, to-wit: December 25, 1922, nor for more than a year prior thereto, and he

had been attended by a physician for a serious disease and complaint, to wit: kidney trouble, and had had before said date chronic disease of the kidneys.

"On or about November 28, 1922, the insured, James B. Walters, made, signed and delivered a written application to the insurance company for the said $297.00 life insurance upon his life, and under and pursuant thereto, the insurance company did on December 25, 1922, issue its said policy to James B. Walters. The said application is filed herewith as part hereof, marked 'Exhibit A.'

"In the application for the said policy there were propounded to the said James B. Walters the following questions to-wit:

"4. 'Is life proposed blind, deaf or dumb, or has it any physical or mental defect or infirmity of any kind?'

"5. 'State nature and duration of all illness that life proposed has had within the last two years. Give names of all physicians who have attended said life in that time.'

"7. 'Has life proposed ever been under treatment in any dispensary, hospital or asylum or been an inmate of any almshouse or other institution?'

"8. 'Are you aware of intemperance or any other circumstance connected with the life proposed, not herein recorded, which the company ought to know?'

"To each of which said questions Nos. 4, 5, 7 and 8 the said James B. Walters answered 'No.'

"Each and all of the said representations and answers were, and are material, false and fraudulent, and were known by James B. Walters to be false, and were made with the intent to deceive the insurance company, and the insurance company believed each and all of the said representations to be true and issued the policy sued on herein in reliance upon the truth of said representations.

"In fact and in truth at the time the said James B. Walters signed and delivered the said application and made the above answers, he had, and knew that he had, physical defects and infirmities, to-wit: chronic nephritis, kidney trouble and headaches; and he had, and knew that he had had, illnesses within the two years prior thereto, to-wit: chronic

nephritis, kidney trouble and headaches; and he had had, and knew that he had had, physicians who had attended him in that time; and he had been treated, and knew that he had been treated, in a hospital, and he was aware of other circumstances not therein recorded which the company ought to have known and which he knew the company ought to have known, to-wit: the condition of his health and his prior treatment therefor.

"If the true condition of the insured had been known, neither the insurance company, nor any other insurance company acting in the usual course would have accepted the said risk, or have issued the said, or any similar policy to the insured.

"The insurance company hereby offers in court to confess judgment in favor of Mary Frances Walters, administratrix of the estate of James B. Walters, deceased, in and for the sum of $9.45, the amount of premiums paid, plus interest thereon from December 25, 1922."

Appellee filed a demurrer and also a motion to strike the whole of the answer. The motion was sustained as to all of the answer except that portion relying upon the conditions of the policy. At the conclusion of the evidence the trial court directed the jury to find for appellee.

The ground on which the defense of false and material representations in the application was rejected was that the answers in the application related to the conditions in the policy; that if the conditions existed Walters was not insured; that the same evidence that would prove Walters' answers false would also prove that he was not insured; and that, there being no valid contract of insurance, the company was not deceived or misled by the answers, and it is wholly immaterial whether they were false or not. Incidentally, the court referred to the fact that this court had held in Commonwealth Life Insurance Co. v. Rider, 153 Ky. 130, 154 S. W. 906, that similar conditions in a policy of insurance were invalid, but afterwards announced a different rule in Western & Southern Life Insurance Co. v. Weber, 183 Ky. 32, 209 S. W. 716.

The conflict between the Rider and Weber cases grows out of the fact that the court overlooked, and its attention was not called to, the cases of Metropolitan Life Insurance Co. v. Moore, 117 Ky. 651, 79 S. W. 219;

Western & Southern Life Insurance Co. v. Davis, 141 Ky. 360, 132 S. W. 410; Modern Woodmen of America v. Atkinson, 153 Ky. 527, 155 S. W. 1135, which established the rule that the condition in a life policy, that it is not binding unless on the date of delivery the insured is in sound health, applies only to unsoundness of health arising after the application and medical examination, and that when it is shown that the unsoundness of health did not occur between the application and medical examination, and the delivery of the policy, the company must rely on the statements in the application to avoid a recovery, and not on the conditions in the policy. Of course, a similar condition that the policy is void if the insured before its date has had certain specific diseases applies only to such diseases as have been contracted after the application and medical examination. If it be contended that the rule is not applicable in this case because there was no medical examination, but only an inspection of the applicant, the answer is that the rule is sound and should not be made to turn on the extent of the examination or the name by which it is called.

With respect to the condition that the policy is void if the insured before its date has been attended by a physician for any serious disease or complaint, the situation is different, and there is no basis for the claim that it refers to the attendance of a physician after the application and medical examination. However, there is another ground on which the condition can not be sustained. The insurance business is affected with a public interest, and the right of a company to incorporate in its contracts such provisions as it may desire is subject to the limitation that conditions avoiding the policy shall not be unreasonable or such as to operate as a fraud on the insured. Here the condition is unlimited as to time, and, if valid, the insurance company may defeat a recovery on the policy by showing that five, ten or twenty years before the policy was issued the insured was attended by a physician for a serious disease or complaint, although he had recovered many years ago, and his health was such that the policy would have been issued had all the facts been disclosed to the company. We are therefore constrained to hold that the condition was unreasonable and therefore invalid.

With this view of the conditions of the policy it is at once apparent that the answers in the application do not relate to those conditions. Hence, there is no basis for

the conclusion that Walters was not insured, and that, therefore, the company was not deceived by his answers. That being true, the situation is not such as to deprive the company of the right to avoid the policy by showing that the answers in the application were false and material. It follows that that defense should not have been stricken from the answer. It also follows that appellee was not entitled to a peremptory instruction.

In view of another trial it is proper to add that that portion of the answer pleading nonliability on account of the existence of the conditions named in the policy is not sufficient.

As the pleadings will be different on the next trial, and the evidence may not be the same, we refrain from deciding whether appellant was entitled to a peremptory instruction.

Wherefore, the appeal is granted, and the judgment reversed and cause remanded for proceedings not inconsistent with this opinion.