### PAN–AMERICAN LIFE INS. CO. v. TERRELL.

Circuit Court of Appeals, Fifth Circuit.
December 11, 1928.

Rehearing Denied January 12, 1929.

No. 5241.

Walter F. Seay, of Dallas, Tex., and Charles R. Loomis, of El Paso, Tex. (Seay, Seay, Malone & Lipscomb, of Dallas, Tex., Eugene J. McGivney, of New Orleans, La., and Loomis & Kirkland, of El Paso, Tex., on the brief), for appellant.

J. F. McKenzie, of El Paso, Tex. (R. J. Channell, of El Paso, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee sued to recover the indemnity provided by a policy of insurance for the loss of the sight of one eye. The policy contains a clause insuring him against bodily injury, through accidental means, resulting within 90 days from the date of the accident in the "loss of the entire sight of one eye, if irrecoverably lost." A Texas statute provides that in all cases where a loss occurs, if the insurance company liable therefor "shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss." Revised Civil Statutes, 1925, art. 4736. The petition alleged the making of a demand for payment of the loss and appellant's failure to pay for more than 30 days prior to the institution of the suit, and prayed for an allowance of the statutory penalty and a reasonable attorney's fee. Appellant's answer contained a general denial, and a special denial that within 90 days from the date of the accident appellee's injury "resulted in the irrecoverable loss of the entire sight of one eye."

Appellee testified in his own behalf that he accidentally allowed a gate, which he had opened, to strike him across the nose and right eye; that his eye became bloodshot, and within a month or 6 weeks he was unable to see out of it. He consulted a capable physician, but his eye was not examined until a week or so after the expiration of 90 days from the date of the accident. The physician testified that upon examination he found that appellee had practically no vision, and could only perceive a strong light, which he described as "light perception." A traumatic cataract had formed, which afterwards was removed, but did not result in any improvement in eyesight. Appellee's testimony on the subject of a demand for payment, in support of his claim for the statutory penalty, was to the effect that he made an original claim in writing on a statement furnished by appellant, and that on several occasions he saw appellant's agent in an effort to get an adjustment, but that the agent denied that the company was liable. The written statement of claim was in appellant's possession, and was not filed in evidence. Appellant offered no testimony.

At the close of appellee's testimony, the court denied appellant's motion for a directed verdict, and in its charge instructed the jury that the burden was on appellee to prove by preponderance of the evidence loss of the entire sight of his right eye within 90 days from the date of the accident, and that such sight was irrecoverably lost; that this burden would be met upon proof that the loss of sight existed to such extent and degree, and could not be restored, as that any remaining sight would be of no practical use or benefit. The court further charged the jury, if they should find for appellee, to include in their verdict the statutory penalty, and an attorney's fee which was agreed upon as being reasonable.

It is insisted that there should have been no recovery, since the injury did not result in the entire loss of sight or total blindness in the right eye. It is quite uniformly held that the entire sight is lost, although it is not completely destroyed, if what sight is left is

of no practical use or benefit. As was well said by Judge Bourquin in Murray v. Ætna Life Ins. Co. (D. C.) 243 F. 285, "the ability to perceive light and objects, but no ability to distinguish and recognize objects, is not sight, but blindness." To the same effect is International Travelers' Association v. Rogers (Tex. Civ. App.) 163 S. W. 421; Watkins v. U. S. Casualty Co., 141 Tenn. 583, 214 S. W. 78; Brotherhood of Railroad Trainmen v. Britton (Tex. Civ. App.) 292 S. W. 286; Tracey v. Standard Accident Ins. Co., 119 Me. 131, 109 A. 490, 9 A. L. R. 521.

Appellant cites Travelers' Ins. Co. v. Richmond, 291 S. W. 1085. The opinion in that case is by the Commission of Appeals of Texas, and its holding is approved by the Supreme Court. It is there held that the loss of sight was partial, and not total; but from the statement of facts it appears that by the use of glasses there remained 91 per cent. of the normal vision. It is true that general language was used in the opinion to the effect that entire loss means total or complete loss. We do not understand that opinion to be in conflict with the two Texas cases above cited, both of which were decided by intermediate Texas Courts of Civil Appeals. In one of them, the Rogers Case, the Supreme Court of Texas denied a writ of error, which action under the Texas procedure is equivalent to affirmance.

Appellant also relies on Gilliland v. Order of Railway Conductors, 216 Ala. 13, 112 So. 225, where the court approved charges to the effect that one who was "almost blind," or had merely suffered the loss of "useful vision," but who could read as well as he could before the injury with a magnifying glass, could not recover. The Supreme Court of Alabama was not dealing with a case whose facts were at all similar to the facts in this case. Neither of the cases cited by appellant sustains its contention that there can be no recovery where the sight that remains is of no practical use or benefit.

Article 4736, Revised Civil Statutes of Texas, above referred to, which holds insurance companies liable for penalty and attorney fees, is conditioned upon the failure to pay within 30 days after demand, and has been construed by the courts of Texas as requiring a demand before suit. The suit itself is not considered as a demand by the policy holder for payment, and a refusal to pay upon proof of loss does not dispense with the necessity of a demand. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S. W. 406. But the demand is not required to be in writing. The petition in this case alleged a demand,

and it was not specifically denied. The evidence was that a claim was made, and that thereafter on several occasions appellee sought and asked for adjustment and settlement, which was denied on the ground that appellee was not liable. We are of opinion that this was sufficient prima facie evidence of demand, especially in view of the fact that the written statement of claim remained in appellant's possession and was not offered in evidence.

Error is not made to appear by any of the assignments, and the judgment is affirmed.