## Prudential Insurance Company of America v. Hodge's Administratrix.

(Decided February 26, 1932.)

JOHN E. SHEPARD for appellant.

C. B. SHIMER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On December 13, 1927, Guy Hodge, who was about. twenty-three years of age, signed a written application for an industrial life insurance policy on his life for $1,-000 to be issued by appellant and defendant below, the Prudential Insurance Company of America. The application contained a number of questions propounded to the applicant for the purpose of eliciting the condition of his physical health and with a view of enabling defendant to determine the availability of the risk, and which questions were answered by Hodge. In his answers to some of the questions propounded to him in the application, he stated that his health was then good and that he then had no physical defect or infirmity, nor was he then suffering with consumption or spitting of blood, or habitual coughing, nor had he ever been. It was also stated in the face of the policy that was later issued, and as a part of it, that it should not take effect, nor be of any legal force, if the insured was "not in sound health" at the time it was delivered. The custom of defendant was not to require a medical examination for that character of policy, and none was made; but, relying upon the answers to the questions propounded in the application, and especially those above referred to, defendant on the 19th day of December of the same year issued the policy in accordance with the application and delivered it.

Hodge died at Phoenix, Ariz., on June 21, 1928, of consumption, as is undisputably proved by the death certificate of the physician in charge of the hospital in which he was then confined, and that fact is not controverted by any proof in the case. In due time application was made to defendant by his wife, who qualified as administratrix of his estate, to collect the amount of the policy, and it denied liability for any amount more than the premiums payed because it alleged that the condition in the policy against its becoming effective, if insured was not in sound health at the time it was delivered, was broken, in that Hodge was then afflicted with tuberculosis in an advanced stage, and that he knew it, and that the answers above referred to were both material and false, as well as fraudulently made for the purpose of inducing defendant to issue the policy, when, if it had known the facts, it would not have done so, acting reasonably and prudently in accordance with the course pursued by those engaged in the life insurance business.

Following pleadings made the issues and upon trial there was a verdict and judgment for plaintiff, which this court, on appeal, reversed in an opinion reported in 232 Ky. 44, 22 S. W. (2d) 435, 438, because the trial court did not give an instruction offered by defendant submitting to the jury the issue as to the sound health of the insured at the time of the delivery of the policy. At a second trial the evidence was practically the same as that heard at the first one, the only difference being that the defense was somewhat strengthened at the last trial, and particularly so in the testimony of Dr. Dean, a witness in its behalf, wherein he stated on the last trial that in June, 1917, while witness was attending upon the wife of the insured:

"He (insured) told me at the time that he was sick, and he spoke of coming to see me at my office, which he never did, and at the time, he said that he was suffering from lung trouble. . . . He said he had previously been treated by a physician in Cincinnati, he mentioned the physician's name, but I don't remember it."

That witness and Dr. Brueggman, an interne in a Cincinnati hospital, and Dr. Ryan, as well as the physician in Phoenix, where insured died, conclusively established the affliction with which insured was suffering, and the one that caused his death.

It also is most convincingly shown that insured knew the facts at the time he made his application, so much so that in our former opinion we said: "Looking at the evidence as a whole, it would appear that he must have known it, but there is evidence that he worked up to within two weeks of the date of the issuance of the policy, and that there was nothing in his general appearance indicating that he was suffering from any disease. It is true this evidence was given by laymen, but it was competent for what it was worth." However, it was therein inferentially held (since it was determined that a peremptory instruction for defendant was improper) that a *scintilla* of evidence was developed contradicting the defenses relied on. As stated, the testimony in support of such defenses was somewhat strengthened at the last trial, but the evidence constituting the *scintilla,* which our first opinion upheld, was not materially or substantially different at the last trial. But if it constituted a scintilla

at the first trial, it, under a well-known rule of practice, must be held to do so at the last one, and for that reason the peremptory instruction offered by .defendant at the trial now under review was properly overruled.

Our former opinion expressly declined to determine whether or not the verdict was flagrantly against the evidence and said: "That question is reserved." The error for which the first judgment was reversed was cured at the last trial, and, since the ruling in that opinion on the offered peremptory instruction became the law of the case, the only ground for reversal now presented is, whether or not the verdict is flagrantly against the evidence, which we conclude is undoubtedly true.

The testimony for plaintiff offered in contradiction of its defense was and is vague, uncertain, and non-convincing. It consisted in the testimony of laymen attempting to state that they did not observe any tuberculosis symptoms possessed by the insured. Many of them were his relatives or of his wife, the appellant and plaintiff herein. Others saw him only occasionally, and so far as the latter are concerned, the coughing, spitting of blood, loss of weight, and other proven symptoms could have existed and yet their testimony, relating as it did to only such occasions to which they testified, could have been the truth. Even some of the relatives were in the presence of the insured only occasionally, and their testimony may be similarly weighed. If it be true that the proof introduced by plaintiff in contradiction of defendant's almost overwhelming testimony created a scintilla entitling the submission of the issues to the jury, as our first opinion held was true, it was and is a very weak one, which, though entitling the case to be submitted to the jury under the rule referred to, is not sufficient to save the verdict from being flagrantly against the evidence, and for which reason the court erred in not sustaining defendant's motion for a new trial on that ground.

Wherefore the judgment is reversed, with directions to set it aside, and to grant the new trial, and for proceedings consistent with this opinion.