## American Life & Accident Insurance Company v. Scruggs.

(Decided March 15, 1932.)

L. B. ALEXANDER and JOE LANCASTER for appellant.

T. W. CRAWFORD and E. P. PHILLIPS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

In April, 1926, at the instance of an agent of the appellant, American Life & Accident Insurance Company, the appellee, Nannie Scruggs, living in Murray, Ky., took out an industrial policy for $260 on the life of her cousin by marriage, Alta Singstone (Singleton) who lived in Lovejoy, Ill., and whom she had not seen since the previous January. Neither the insured nor her hus-

band or daughter knew that she was so insured. She died at her home in September, 1926, of a vesicle vaginal fistula and tuberculosis of the intestines. Payment of the policy was declined upon several grounds, one of which was that when it was issued and delivered and the first premium paid the insured was not in sound health. The premiums paid by appellee were tendered and paid into court.

The evidence shows that the insured had been under the care of a physician for eleven months or more on account of the fistula. The doctor had treated her for this trouble twice a week during a part of that period. In June tuberculosis developed. She was taken to a hospital the latter part of April, 1926, just about the date the policy was issued. She remained in the hospital about two weeks and then for a while was able to be up and down, but gradually grew worse until she died. Such is the evidence of her husband, daughter, and doctor, and it is in no way contradicted.

There was no medical examination or medical inspection in this case. Where a policy of insurance is issued under those circumstances, a condition therein that it shall not take effect if the person insured is not in sound health at the time of the delivery of the policy is valid and applicable, and the case is not controlled by the rule which otherwise obtains limiting such conditions to unsoundness of health arising since the examination or inspection. Prudential Insurance Co. of America v. Hodge's Administratrix, 232 Ky. 44, 22 S. W. (2d) 435. Idem. 242 Ky. 592, 46 S. W. (2d) 1092.

Since the evidence of the extremely serious condition of the insured's health at the time the policy was delivered was in no way disputed, the court should have given a peremptory instruction for the insurance company. There is no need to consider other points raised by the appellant.

An appeal is granted, and the judgment is reversed, and the case remanded for a new trial consistent with this opinion.