## Federal Union Life Insurance Co. v. Lambert.
(Decided Oct. 15, 1935.)

BATSON & CARY and WILLIAM E. BERRY for appellant.
WALTER S. LAPP for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On March 10, 1932, the Federal Union Life Insurance Company issued a certificate to Robert A. Lambert in the sum of $500, reciting that he was insured under a group policy issued by the company to the Louisville Courier Journal. Louise K. Lambert, mother of insured, was designated as beneficiary. When the insured died in 1933, the beneficiary furnished the company the required proof of death, and upon the refusal of the company to make a settlement, instituted this action setting up the foregoing facts and prayed judgment for $500 with interest.

The certificate with the application of the insured attached thereto was filed as an exhibit with the petition. The following provision appears in the face of the certificate:

"The group policy herein referred to provides that the Company assumes no liability on account of any Subscriber who has been previously rejected for life insurance and has not notified the Company of that fact, or who, on the date of his or her application is deceased, is physically incapable of working, or is suffering from any chronic illness or disease, or known to be sick, disabled, infirm, paralyzed, afflicted with tuberculosis, insane or an inmate or member of any home for invalids, hospital, sanitarium or similar institution, or past the age of forty-five (45) years, or is not in good health at the time of delivery of this certificate."

By answer, the company denied that there was any sum due the designated beneficiary under the policy and in a second paragraph set up the quoted provision of the policy and alleged that at the time the certificate was issued, insured was not in sound health, was suffering from pulmonary tuberculosis, and from chronic disease, and was insane and an inmate of an institution for persons of unsound mind; that the diseases contributed to and caused insured's death and none of the diseases were cited in any waiver signed by any officer of the company; that the certificate according to the custom of the company in such cases was issued and delivered without medical examination or inspection; that the company did not know until after the death of insured that he was not in sound health on the date of

the policy or that he had been attended by a physician for any disease or that he had ever had any chronic illness or that he was known to be sick or afflicted with tuberculosis, etc.; that if it had known such facts the certificate would not have been issued and delivered; that by reason of the insured not having made known these facst concerning his unsoundness of health, the certificate never became effective or the company bound thereby; that in the circumstances and pursuant to the provisions of the policy the total liability of the insurer is the amount of the premiums paid on the policy, all of which has been tendered to plaintiff and which the company now holds for and on her behalf.

By reply, plaintiff traversed the affirmative allegations of the answer and in a second paragraph alleged that the quoted provision of the certificate is so written as to be illegible to any ordinary person and not plain, clear, or distinct, being printed in black ink covered with a dark pigment and that a scroll work practically obscured such provision; that by reason of its illegibility such provision and condition was void and unenforceable and the company's attempt to rely on same amounted to a fraud upon plaintiff. The issues were completed by a rejoinder traversing the affirmative allegations of the reply.

After counsel for the respective parties had made their statements of the case to the jury, the court upon his own motion peremptorily instructed the jury to find for the plaintiff, and from a judgment in conformity with the directed verdict, the defendant is appealing. Counsel for appellant in stating the case to the jury said in effect that the company was relying on the quoted provision of the policy, and would produce proof to substantiate the allegations of its pleadings with respect to the insanity and unsoundness of health of the insured; that the certificate was issued solely on the strength of the application and provisions of the policy, but that the application was not in question because it did not conform to the requirements of the statute.

The court in directing a verdict for plaintiff stated in his opinion that he was adopting a policy which he had theretofore used frequently and which had been approved by many courts, including the Supreme Court of the United States, that where in the opening statement all the facts on which they intended to rely are

given, the court has the right and duty to determine the question as a matter of law. As warranting the conclusion that a directed verdict was authorized, he cited Rider v. Western & Southern Life Insurance Co., which he had decided many years ago and which was affirmed by this court. Manifestly, he referred either to the case of Independent Life Insurance Co., of America v. Rider, 150 Ky. 505, 150 S. W. 649, 650, 42 L. R. A. (N. S.) 560, or Commonwealth Life v. Rider, 153 Ky. 130, 154 S. W. 906, the opinion in the latter being based chiefly, if not entirely, on statements found in the opinion in the former. The policies and facts in each of these cases were practically the same as those in the instant case, except that in the first one the policy contained an "incontestable clause" after a named limited period and which had expired at the time the liability accrued against the defendant. There was, therefore, no necessity to construe the policy provision relied on in that case as a defense, since the "incontestable clause" barred the right of the defendant to interpose the defense to which that opinion responded. Such response, upon which reliance seems to have been placed by the lower court, if not dictum, was at least wholly unnecessary for the determination of the case in favor of plaintiff and for the disallowance of the defense discussed. However, if it were otherwise, and if the opinion in the first Rider Case was not open or subject to the qualifications mentioned, then it is in direct conflict with the later cases hereinafter discussed which in effect overrule the two Rider opinions in their interpretation of the provisions of the policies relied on therein, and which we think is amply supported by reason and logic.

In the first Rider opinion it is said:

"This policy seems to have been drawn with a view of defeating or of avoiding sections 639 and 679 of our statutes. It is not alleged that Rider made any statements or representations to obtain the policy. Therefore the first section named does not apply, for it has reference to the making and the effect of such statements and representations; nor does the policy contain any reference to any application or by-law as forming a part of the contract. Therefore section 679 is avoided."

That excerpt in effect said that even unsoundness of health arising after an application cannot be relied

on by defendant in defense of an action on the policy, because it was the duty of defendant to inquire of the insured concerning it at the time the examination was made, notwithstanding it was a matter that occurred exclusively in the future from that time. Its occurrence and happening was entirely prospective at the time the examination or inspection of the insured was made and was not a proper subject of inquiry at that time. The sole reason why provisions and conditions of the nature here under consideration are limited to unsoundness of health arising since the examination or inspection (when they are made) is because it was the duty of defendant to develop such conditions that existed at the time they were made, and not having done so, it cannot rely upon such prior existing conditions under the clause contained in the policy itself.

Where there has been an examination, or inspection, the rule is universal in this and other courts that such conditions of unsoundness of health, if they arose after the examination or inspection of the insured, within the terms of which the first Rider opinion brought the policy condition here involved, have no application; and that the same is true as to unsoundness of health at the time of the delivery of the policy whensoever it arose in all cases where there was no examination or inspection or duly executed application. See Metropolitan Life Insurance Company v. Walters, 215 Ky. 379, 285 S. W. 252, 60 A. L. R. 194; Prudential Insurance Co. of America v. Hodge's Adm'x, 232 Ky. 44, 22 S. W. (2d) 435, 438; American Life & Accident Co. v. Scruggs, 242 Ky. 760, 47 S. W. (2d) 720; Metropolitan Life Insurance Co. v. Crawford's Adm'x, 244 Ky. 730, 51 S. W. (2d) 926.

In the Scruggs Case, supra, the insured made no application and there was no medical examination or inspection. The insured died of tuberculosis of the intestines and of other ailments and in an action on the policy the company defended on the ground that when it was issued and delivered the insured was not in sound health. In the course of the opinion it is said:

"There was no medical examination or medical inspection in this case. Where a policy of insurance is issued under those circumstances, a condition therein that it shall not take effect if the person insured is not in sound health at the time of the

delivery of the policy is valid and applicable, and the case is not controlled by the rule which otherwise obtains limiting such conditions to unsoundness of health arising since the examination or inspection.

In the Hodge Case, supra, the insurance company invoked a provision in the policy that it should not take effect if the insured should die before the date thereof or if on such date insured was not in sound health. In the opinion it is said:

"This inspection referred to in these opinions means a medical inspection by a doctor. There was no medical examination, or inspection, at the time Hodge made application for his policy. It follows, therefore, that the provision of the policy requiring him to be in sound health at the time the policy was delivered was a valid provision, and the appellant was entitled to an instruction on this point."

In the Crawford Case, supra, it was held that a provision in the policy that the insurer might cancel the policy if the insured who was not examined by a physician was not in sound health on the date of the policy was valid.

Generally speaking, an insurance contract like any other contract measures the right of the parties thereto and any provision in a policy restricting or limiting the liability of the company is valid provided it is not illegal, unreasonable, or contrary to public policy. Mutual Benefit Life Insurance Company v. O'Brien (Ky.) 116 S. W. 750, rehearing denied 144 Ky. 308, 138 S. W. 245; Haselden v. Home Insurance Company, 247 Ky. 530, 57 S. W. (2d) 459; Brotherhood of Railroad Trainmen v. Wilkins, 257 Ky. 331, 78 S. W. (2d) 6; Metropolitan Life Insurance v. Walters, supra.

It is therefore apparent, as indicated by all the later cases in this jurisdiction and which are in harmony with the general trend of authority, that the quoted provision of the policy is valid and in the circumstances the court erred in directing a verdict for appellee.

We further conclude that the Rider opinions, supra, in so far as they are in conflict with our later cases above cited, should no longer be followed and they are each overruled to that extent.

It is most earnestly insisted by counsel for appellee that the quoted provision of the policy is unenforceable and void and amouts to a fraud upon the insured because it is so illegible and obscure that it cannot be read by an ordinary person. The varied colors of the scroll and the background upon which the provision is printed renders it less legible than it might otherwise be, however, it can be easily read by a person of ordinary eyesight. It is not contended that the type used is not in conformity with the requirements of the statute.

As a matter of course, this provision was inserted in the policy for the benefit of the insurer and therefore might be waived by it, however, there is no plea of waiver and nothing in the record from which the court as a matter of law might determine that it was waived.

Wherefore the judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.