## National Life & Accident Ins. Co. of Nashville, Tenn., v. Senters.
### (Decided Dec. 20, 1935.)

L. B. ALEXANDER for appellant.

HOLIFIELD, McDONALD & BOAZ for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

On February 19, 1934, Tommy Whittemore, a resident of Graves county, Ky., signed an application for insurance, addressed to the National Life & Accident Insurance Company of Nashville, Tenn., for a policy providing for death benefit, payable at his death and designating Maggie Senters the beneficiary. On April 4, 1934, he signed another application addressed to it for like payable benefit and also designating Maggie Senters the beneficiary.

In each of the applications numerous questions were propounded to, and answered by, him, concerning

his health and certain specific diseases. In his response to the questions, he declared that he was in good health and that he had not been, theretofore, and was not at that time, afflicted with any or either of the diseases named.

On February 26, 1934, the company's policy was issued and delivered in Graves county, Ky., on his first application, and on April 16, 1934, it issued, also in Graves county, Ky., another, on his second application, both without a medical examination.

The policies are identical in conditions, terms, and provisions. Each of them contains this provision:

"No obligation is assumed by the company prior to the date hereof. If the insured * * * is not in sound health on the date hereof; * * * then, in any such case, the Company may, within the contestable period, declare this Policy void and the liability of the Company shall be limied to the return of premiums paid on the Policy. * * * After this policy shall be in force, during the life time of the Insured, for two full years from the date hereof, it shall be incontestable, except for non-payment of premiums, but if the age of the Insured be misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

It seems to be agreed that the policies were issued on the assumption that the insured was 22 years old, when in reality he was 21 at his next nearest birthday; and by reason thereof the amount payable under each policy should be such as the premium would have purchased at his correct age at the date of the issuance of the policies. Neither of the applications was attached to, or recited in, the policy. On or about the 20th day of September, 1934, the insured died, leaving the beneficiary surviving.

She brought this action to recover of the insurance company the sum stated in the face of each policy, alleging that the premiums had been paid by the insured; notice and proof of death had been made and furnished to the insurance company on blanks furnished by it. The insurance company, in avoidance of its liability on the policies, pleaded the insured's execution and delivery of the applications for the policies and their issu-

ance and delivery to him in reliance thereon. A series of questions contained in each application and the insured's answers thereto are set forth in its answer, followed by the allegation that his answers "were false, fraudulent and material," and that it would not have, nor any other reputable insurance companies, acting in accordance with the prevailing rules and customs governing the issuance and delivery of such policies, would have, issued and delivered either of them had it known of the falsity of his answers. The court correctly sustained a motion of the beneficiary to strike from the answer that portion of it which predicated a defense on the applications and the falsity of the insured's answers to the questions propounded to him in each application.

Such application must be attached to or recited in the policy; otherwise, it can neither be received as evidence, relied on to defeat a recovery, nor considred in determining the rights of the parties. See section 679, Kentucky Statutes, and Annotation.

In addition to relying upon the false statements in the applications, respecting his health, the insurer further pleaded in avoidance of its liability that "on the dates of said policies, 'Whittemore' was not in good health, and that he had suffered, and was suffering at said times from gastric ulcer and insomnia, which fact was well known to said Tommy Whittemore. * * * and, at the time said policies were delivered, * * * that it did not know said facts and did not learn said facts until after the death of said Tommy Whittemore, and that after learning said facts, this defendant advised the plaintiff of the truth as to the previous condition of the health of the said Tommy Whittemore, * * * and that this defendant, under the terms and provisions of said policies, during the contestable period, declared the policies void and returned to said plaintiff the premiums paid by said Tommy Whittemore, * * * which said plaintiff received and accepted," and now has the same, amounting to $5.40.

At the suggestion of the beneficiary, the court sustained a motion to strike these allegations from the answer. To this ruling it excepted. Without the intervention of a jury, a judgment was rendered against the insurance company for $340, with interest from the 8th day of November, 1934, and costs. The court sustained

the insurance company's motion for a separation of its finding of facts and conclusion of law. Thereupon, motion and grounds for a new trial were filed, and overruled. In its finding of facts, the court stated that the policies were procured by Whittemore upon two applications filed with the defendant's answer; "the insured died the 24th day of September 1934, at which time all premiums due under each policy had been fully paid, and Maggie Senters was the designated beneficiary in each policy." Its conclusions of law were:

"The court further finds that the application mentioned in the answer is referred to in section 6 of said policies under the heading of 'Conditions' on page 2 of said policy, issued to the plaintiff's decedent, and as a matter of law, the application mentioned in the answer of defendant cannot be used as evidence in this case, and neither can defendant offer proof to establish said facts so mentioned in said answer and said application."

Reverting to the quoted clause of the policy providing:

"If the insured * * * is not in good health on the date hereof * * * then, in any such case, the company may, within the contestable period, declare this policy void," etc.,

and comparing the allegations of the answer therewith, it is perfectly apparent that the court overlooked this provision of the policy, and the allegations of the answer predicated thereon.

A similar provision of a policy and like allegations relied upon in avoidance of the insurer's liability were presented to us in the recent case of Federal Union Life Insurance Company v. Lambert, 260 Ky. 703, 86 S. W. (2d) 688, decided October 15th, 1935, of which we said:

"Generally speaking, an insurance contract, like any other contract, measures the right of the parties thereto, and any provision in the policy restricting or limiting the liability of the company is valid, provided it is not illegal, unreasonable or contrary to public policy. Mutual Benefit Life Ins. Co. v. O'Brien (Ky.) 116 S. W. 750; rehearing denied 144 Ky. 308, 138 S. W. 245; Haselden v. Home Insurance Co., 247 Ky. 530, 57 S. W. (2d) 459; Brother-

hood of Railroad Trainmen v. Wilkins, 257 Ky. 331, 78 S. W. (2d) 6; Metropolitan Life Ins. Co. v. Walters, 215 Ky. 379, 285 S. W. 252, 60 A. L. R. 194.''

In the same case, we stated the rule to be:

''Where there has been an examination, or inspection, the rule is universal in this and other courts that such conditions of unsoundness of health, if they arose after the examination or inspection of the insured, within the terms of which the first Rider opinion [150 Ky. 505, 150 S. W. 649, 42 L. R. A. (N. S.) 560] brought the policy condition here involved, have no application; and that the same is true as to unsoundness of health at the time of the delivery of the policy whensoever it arose in all cases where there was no examination or inspection or duly executed application. See Metropolitan Life Insurance Co. v. Walters, 215 Ky. 379, 285 S. W. 252, 60 A. L. R. 194; Prudential Insurance Co. of America v. Hodge's Adm'x, 232 Ky. 44, 22 S. W. (2d) 435, 438; American Life & Accident Co. v. Scruggs, 242 Ky. 760, 47 S. W. (2d) 720; Metropolitan Life Insurance Co. v. Crawford's Adm'x, 244 Ky. 730, 51 S. W. (2d) 926. * * * In the Hodge Case, supra, the insurance company invoked a provision in the policy that it should not take effect if the insured should die before the date thereof or if on such date insured was not in sound health. In the opinion it is said: 'The inspection referred to in these opinions means a medical examination by a doctor. There was no medical examination, or inspection at the time Hodge made application for his policy. It follows, therefore, that the provision of the policy requiring him to be in sound health at the time the policy was delivered was a valid provision, and the appellant was entitled to an instruction on this point.' ''

It is apparent it is our view that the trial court erred in sustaining the beneficiary's second motion which resulted in striking from the answer the defense of the insurer based upon the above-quoted clause of its policy and the allegations thereunder of the answer to the effect that the insured was not in good health on the dates of the delivery of the policies.

For this reason, the judgment is reversed, with directions to award a new trial, consistent herewith.