15726

## DIXON v. STANDARD MUTUAL LIFE INS. CO.

(33 S. E. (2d), 516)

*Mr. M. M. Weinberg,* of Sumter, S. C., Counsel for Appellant,

*Mr. George Warren,* of Hampton, S. C., Counsel for Respondent,

March 27, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

On August 1st, 1938, the appellant wrote a regular standard form of insurance policy on the life of Lemon G. Dixon, Eva P. Dixon, beneficiary. Nothing in the application for insurance was mentioned about membership in any organization, and no mention of lodge membership was made in the body of the policy. On the back of the policy itself

there was a clause saying that the insurance "shall end when his membership in Sunset Lodge, A. F. M. No. 331, shall end."

The policy was delivered to Mr. Dixon and he paid sixty-seven (67) monthly premiums to the company, the policy being in force five (5) years, six (6) months and twenty-two (22) days at Dixon's death on February 23, 1944.

The insured, prior to the issuance of the policy, had received the Apprentice Degree in Havana, Florida. In July, 1934, Sunset Lodge No. 331 conferred the Fellowcraft Degree on him for the Florida Lodge.

The insurance company is a regular company, having no connection with the Masonic fraternity so far as the record discloses. The policy was not a Masonic policy. Membership in that fraternity was nowhere mentioned as a condition for the issuance of the policy. The contract and the application therefor was just a regular insurance contract and application.

At the close of the testimony plaintiff and defendant both made motions for a directed verdict which resulted in the granting of plaintiff's motion and the defendant now appeals to this court.

There is no dispute about the facts and the only question to decide is whether or not the court was in error in granting plaintiff's motion for a directed verdict under the above-stated facts

Counsel for defendant contends that by accepting the policy with the termination clause saying that the insurance "shall end when his membership in Sunset Lodge, A. F. M. No. 331, shall end" endorsed on the back thereof was charged with the knowledge thereof and therefore bound thereby. On the other hand, counsel for plaintiff contends that such policy was issued as the result of an application by the insured and that no question was asked as to whether or not the insured was a member of any lodge, that the applica-

tion is a part of the contract, and must be so considered, that the appellant, having been satisfied with its information so obtained, it issued the policy and collected the premiums thereon and is now therefore estopped from disclaiming liability thereon.

There being decisions holding both ways throughout the various states upon the questions herein involved, the court feels at liberty to decide this case in accordance with what it thinks to be the better rule and more in accordance with justice.

The policy was of standard form, but the condition relied upon was an endorsement on the back and not in the body of the policy. The terms of the policy must be given the same force and effect as any other contract, but it is well settled that provisions inserted by insurance companies for their own benefit may be waived.

The insured was not and never had been a member of Sunset Lodge, A. F. M. No. 331. The failure of the appellant to inquire into facts which were existent at the time of the issuance of the policy, and which by the terms of the policy avoid the insurance, estops the company to object after the issuance of the policy to applicants' non-compliance with the condition or conditions of the policy in the particulars as to which no inquiry is made and precludes the insurance company from an avoidance of the policy on the ground of a violation of the conditions thereof in that respect. *Independent Life Ins. Co. v. Rider*, 150 Ky., 505, 150 S. W., 649, 42 L. R. A., N. S., 560. See note on "Waiver of Conditions in insurance policy by insurer's failure to inquire into existing facts." Ann. Cas., 1917-B., pages 500, 501. *Great Southern Fire Ins. Co. v. Burns & Billington,* 118 Ark., 22, 175 S. W., 1161, L. R. A., 1916-B, 1252, Ann. Cas., 1917-B, 497.

There is no allegation in the answer that applicant made any false or fraudulent representation, but contends in effect that although it issued the policy upon an application, the contents of which are admittedly true, and as long as insured lived thereafter (five years and six months) continued to accept the premiums as they came due, the question of its liability upon the policy, is by the provision in question, to be determined after the insured's death by then ascertaining whether the condition the provision declares shall relieve it of liability, existed when the policy was issued. In view of the fact that appellant had every means of ascertaining when the policy was issued, whether or not the insured was a member of Sunset Lodge, A. F. M. No. 331, and did not choose to do so, such an interpretation will not be allowed as being against public policy. See 29 Am. Jur., page 636, on "Failure of Insurer to make inquiry", and annotations thereunder.

For the above-stated reasons, this court is of the opinion that there was no error on the part of the trial judge in directing a verdict for the plaintiff and that all exceptions should be dismissed, and it is so ordered.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.