## SCOTT v. NATIONAL BANKERS LIFE INS. CO.

### No. 12457.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 22, 1952.

Rehearing Denied Nov. 26, 1952.

Charles G. Lyman and Lee Mahoney, Corpus Christi, for appellant.

Pedigo & Wade, Corpus Christi, Chaney & Davenport, Dallas, for appellee.

POPE, Justice.

This is an appeal from a judgment non obstante veredicto, and the controlling point is whether the appellee insurance company waived a requirement in an application for a health and accident policy that stated the policy would not be effective until it was actually delivered to the applicant while alive and in good health.

Hallie Mae Scott, the deceased wife of appellant, on May 22, 1950, executed a written application for a policy and paid the first month's premium. The general agent in Corpus Christi mailed the application to the Home Office in Dallas, Texas, early in June, and on June 7, 1950, the insurance company issued its policy. The application contained a provision that the policy itself "shall not become effective until actually issued and delivered while all of the above applicants are alive and in good health, and then only if the first premium herein has been paid. It is agreed that this application shall form a part of the consideration for the policy applied for and shall form a part of the policy contract." The application was not attached to the policy and the policy did

not state that it was conditioned upon the actual delivery of the policy.

Hallie Mae Scott designated a Mr. Bourdan, soliciting agent for the insurer, as her agent to receive the policy for her, and the record does not show that the policy was ever actually delivered either to him or the applicant. The insurance company, after issuing the policy, mailed it to Mr. White, its general agent in Corpus Christi, and he received it "sometime" before June 12, 1950. The record does not show that the policy ever left his hands. Hallie Mae Scott was killed in an accident on Sunday, June 11th, at which time there had been no actual delivery of the policy. Smith v. Rio Grande Nat. Life Ins. Co., Tex.Civ.App., 227 S.W.2d 579.

■ The insurance company reasons that there was never an actual delivery of the policy and that the provisions of Section 21.35, Insurance Code, V.A.C.S., formerly art. 5049, V.A.C.S., are inapplicable to a condition precedent to the effectiveness of a policy. That Article requires that an application be attached to the policy. The insurance company reasons that the Article applies only to instances of misrepresentation contained in the application and points out that no cases, other than those of misrepresentation, have arisen, construing the Article. It reasons further that the title to that statute constitutionally limits the application of the Article to misrepresentation cases since that is the only purpose and subject mentioned in the title. Sec. 35, art. 3, Constitution of Texas. That argument overlooks the provision of another section of the Constitution. Section 43 of Article 3 of the Constitution excuses an omission in a caption in the case of a digest or revision of laws by the Legislature. When the statute in question was included in the 1925 Codification the deficiency in the caption was forgiven. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019; Bellinger v. Schutte, Tex.Civ.App., 244 S.W.2d 261, 264; Royal Crown Bottling Co. v. Minugh, Tex.Civ.App., 244 S.W.2d 531; See, Harris v. Allstate Ins. Co., Tex.Civ.App., 249 S.W.2d 669.

■ But this case is controlled by the issue on waiver. Actual delivery was an express condition precedent by the wording of the application which was not attached to the policy. That condition is completely unmentioned in the policy itself. The later and final writings in the policy were clear and adequate to constitute a waiver of the requirement for actual delivery stated in the earlier application. Those final writings will control. 29 Am. Jur. 178. The company upon issuing its policy, instead of attaching the application or carrying forward into the policy a provision requiring actual delivery, made contrary and opposite provisions on the face of the policy. The company fixed the commencement date for the policy for June 7, 1950. It then stated that the initial term for the policy, since one month's premium had been paid, would expire on July 7, 1950. This indicated an intent that the policy period of one month was already running when Hallie Mae Scott died on June 11th. It showed that the premium was already being earned. But the policy stated more. The paragraph immediately above the signatures of the Company President and Secretary stated: "The effective date hereof is as shown on Page One * * *." That reference was to the date above set forth. And in the policy's additional provisions, the clearest statement of them all is found in these words: "This policy shall take effect at 12 o'clock noon, Standard Time of the place where the Insured resides, and shall end at the same hour on the last day of grace following the date on which the initial term expires. The effective date of this policy, the initial premium herefor, and the date the initial term expires are shown on Page One hereof." These were the words in the policy when signed in the Home Office by persons who possessed the power to waive. Those policy commitments exclude any thought that the company issued a policy that would be effective at some indefinite future date, if and when delivered. Instead, it manifests

an intent to extend present insurance commencing at a precise and fixed moment. That moment was 12 o'clock noon, June 7, 1950, before Hallie Mae Scott was killed. The premium period and expiration dates were computed from that base.

 These conclusions are in line with applicable authorities. "A provision in an insurance application that a policy should not become effective until delivery is for the insurer's benefit and may be waived." 17 Insurance Law and Practice, Appelman, § 9442. "The company may waive conditions precedent to commencement of the insurance, including conditions relating to delivery of the policy * * *." 44 C.J. S., Insurance, § 275a (2). As stated in United Fidelity Life Ins. Co. v. Handley, Tex.Civ.App., 53 S.W.2d 833, 838: "The stipulation in the application limiting liability to the time when the application was made and the first premium paid was for the benefit of the company, and could be waived by it, and clearly has been waived by accepting the premium at a later date and by the issuance of the policy. These facts are set up by the plaintiff, and constitute a waiver of that term of the contract." See: Holbrook v. Southland Life Ins. Co., Tex.Civ.App., 129 S.W.2d 448; Federal Union Life Ins. Co. v. Lambert, 260 Ky. 703, 86 S.W.2d 688; Stockton v. Sedalia Life Ins. Co., Mo.App., 31 S.W.2d 108; Pierce v. New York Life Ins. Co., 174 Mo.App. 383, 160 S.W. 40; New York Life Ins. Co. v. Ollich, 6 Cir., 42 F.2d 399.

The judgment is reversed and rendered for the appellant in the sum of $1,000 due on the policy, together with interest, and the additional sum of $500 attorney's fee as found by the jury. All costs are adjudged against appellee.

### On Motion for Rehearing.

 The allowance of attorney's fee is urged as error by appellee, and appellant urges that we should also allow the statutory twelve per cent penalty. The penalty, if allowable, must be grounded upon a demand, and the mere filing of a petition asserting the penalty does not suffice. Rio Grande Nat. Life Ins. Co. v. Bailey, Tex. Civ.App., 153 S.W.2d 493.

 After Robie Scott's wife died, he went in person to the insurance company's office in Corpus Christi and told the general agent that his wife had been killed, and that he wanted to make a claim under the policy for whatever benefits were due. He had with him some "undertaker papers," but the general agent refused to accept them. The general agent did not state that the company refused payment, but advised the claimant to consult an attorney for advice. No payment was made, and about one year later suit was filed. Demand may be oral instead of written. Pan-American Life Ins. Co. v. Terrell, 5 Cir., 29 F.2d 460. While the demand was the bare minimum of what was required, it was enough. It was an assertion of a right under the terms of the insurance policy. As stated in the definition used in National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245: "It does not matter in what terms the demand may be couched. The substance of it is that there is an assertion of a right and a demand for the recognition and performance of the obligation on which such right rests."

Appellee's motion for rehearing is overruled, and appellant's motion to reform the judgment and award appellant the twelve per cent statutory penalty is granted.