**FIRST FEDERATED LIFE INSURANCE COMPANY, Appellant,**

v.

**CITIZENS BANK AND TRUST COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1979.

Rehearing Denied Jan. 11, 1980.

Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellant.

M. Greg Rains, Paducah, for appellee.

Before GANT, HOWERTON and REYNOLDS, JJ.

REYNOLDS, Judge.

First Federated Life Insurance Company, appellant, appeals from a summary judgment of McCracken Circuit Court directing it to pay the proceeds of a credit life insurance policy to the appellee, Citizens Bank and Trust Company.

In November 1975 appellant issued a credit life insurance policy, insuring any debtor of Citizens Bank and Trust Company for the amount for which such debtor's life was insured at the time of his death, to the creditor (bank) for the account of the debtor. Appellant's policy required no evidence of insurability or medical examination, nor an application as to the health status of the borrower-debtor. David Throgmorton, a previous customer of Stevens Chevrolet Company and of the bank, had on July 7, 1976, purchased a motor vehicle for which he executed an installment note for eleven equal monthly payments and a final balloon payment. One insurance certificate was issued to insure the eleven equal monthly installments, and one insurance certificate was issued to insure the final balloon payment. The loan was paid in full prior to maturity. The transaction with which this case is involved resulted in Throgmorton's purchase of a 1977 Chevrolet truck on February 23, 1977, for which he executed an installment contract with Stevens Chevrolet Company which provided for the payment of eleven equal monthly installments of $175 each and a final balloon installment payment of $5,942.60. This contract and note were assigned by the automobile dealer to the appellee bank. Upon collection of the premium, the bank insured the loan with one certificate insuring the eleven equal monthly installments and by another insurance certificate to insure the final balloon payment. In August 1976 Mr. Throgmorton was diagnosed as having leukemia for which he was subsequently hospitalized and received chemotherapy treatments. Initially he was advised that he might live one to three years. Thereafter, his condition, as a result of medical treatments, resulted in a total remission. At the time of his death in September 1977 the balance of the loan still owing was $6,642.60. Neither the insurance company, bank nor automobile dealer had knowledge of Throgmorton's illness.

The appellant raises the following issues:

Knowledge of the insured of his terminal illness at the time of the procurement of the subject policies of credit life insur-

ance precludes recovery under said policies.

Issuance of two policies of credit life insurance to cover the transaction bars a recovery.

Public policy requires a disclosure by a borrower who has knowledge of impending death.

 As to appellant's first issue, neither the record nor the stipulation referred to by the appellant supports its argument that Throgmorton died of leukemia so as to argue that the cause of death was occasioned by a terminal illness. Additionally, the issuance of insurance is predicated upon a borrower's request and payment of a premium. There is no evidence of prerequisite oral or written representations in regard to application for the insurance so as to raise a defense or bar recovery under K.R.S. 304.-14–110. Insofar as appellant required no statement of health condition, examination or application, it should therefore bear the greater of the risks of the debtor, being of unsound health at the time of issuance of the credit life policy. The policy of insurance issued in this case was absent a requirement as to the condition of health at the time of the delivery, absent a requirement for furnishing satisfactory evidence of insurability, and there is no policy provision affecting the validity of the policy in the event the insured was of unsound health at time the policy was issued. *Federal Union v. Lambert*, 260 Ky. 703, 86 S.W.2d 688 (1935).

As to appellant's second issue, we determine that 806 KAR 19.060 § 3 is not supportive of its argument. Appellant, having approved the issuance of the dual policies and having accepted the premiums on like or similar occasions with the same debtor, is estopped to deny payment, nor is the issuance of the two credit life insurance contracts violative of the master policy.

As to appellant's third issue, we ascertain that the facts of this case are insufficient to raise the issue of public interest and/or public policy. Additionally,

policy, when significantly appropriate, is better determined by the Supreme Court.

The judgment is affirmed.

All concur.