# Flynn et al. v. Hansen.

September 29, 1950.

Rehearing denied November 17, 1950.

Chester D. Adams, Judge.

Taylor G. Smith for appellants.

George R. Smith for appellee.

JUDGE LATIMER—Affirming.

In this action for real estate agent's commission, appellee sought and obtained judgment in the sum of $615 against appellants. Appellants, for purpose of sale, had listed with appellee certain real property situated in Lexington. Appellee procured as a prospective purchaser a Mr. Neubauer who apparently did not have all of the purchase price at hand. Whereupon, an offer of purchase, or sort of optional contract, was entered into by and between Mr. Neubauer and appellants. The pertinent part of this agreement is:

"'As evidence of good faith to bind this contract the sum of $1,000.00 is deposited with Iola S. Hansen to be applied on the purchase price, upon passing of deed, or refunded, should title prove not merchantable, or acceptable, or if this offer is not accepted, or if a satisfactory loan cannot be secured within ten days from this date.

"$14,500.00 will be paid upon passing of deed pro-vided the satisfactory loan can be secured as aforesaid within ten days from this date.

"A Deed of General Warranty, with the usual covenants, and restrictions, if any, shall be executed and presented to us not later than May 15th, 1948, * * *."

The sale was never consummated. As reason for such failure, appellants say that within the 10 day period, they never heard from either the prospective purchaser or appellee, nor were they ever notified that the loan had been obtained or that there was readiness, willingness, or ability to purchase. Whereupon, they took the property off the market. Appellee says the reason was the failure and refusal of appellants to carry through with this contract and execute the deed. Because of this failure and refusal so to do, appellee insists that she did all that was required of her in the performance of her contract, under the listing with the appellants, and that she is, therefore, entitled to her commission. These antagonistic contentions resulted in the action and judgment above.

For reversal, appellants contend that they were entitled to a peremptory instruction since it was incumbent upon appellee to show, in the absence of special agreement otherwise, that she either (1) had obtained a written enforcible agreement between the seller and the purchaser, or (2) had produced a purchaser who was ready, willing, and able to purchase the property in accordance with the terms of the listing. It is insisted that the contract as above set out was not enforcible; that it was merely a contract of purchase; that certain conditions therein, chief among which was the purchaser's right to have 10 days within which to ascertain his ability to secure a loan, rendered the contract unenforcible; and that because of this feature, it was impossible to force the purchaser to secure a loan. Consequently, the contract would be unenforcible.

In the next place it is argued that even though the contract, under its provisions, gave to the purchaser the opportunity of ascertaining within the 10 days if he could obtain a loan, actually appellee failed to show that she had produced a purchaser ready, willing, and able to purchase the property. Herein we find the crux

of the entire action. Were there no evidence to support appellee's contention, appellants' position would be correct. But here we have questions of fact which the court submitted to the jury. Those questions involved this very question of a purchaser ready, willing and able to purchase in accordance with the sales contract. Appellee testified that she repeatedly requested appellants to prepare and execute the deed and that such requests were made before the expiration of the 10 days. Mr. Neubauer testified that he had made arrangements to secure the money from a Mr. Storey, who was at the time absent and away from the State of Kentucky. He further stated that the money was available to him from a bank and another financial institution represented by appellee. True, appellants deny what appellee said in the matter. We cannot exercise the prerogatives of the jury if there is evidence of substance to support its verdict. All appellants say in their brief relative to the law governing brokers' commissions we think to be correct, but the question here is whether the evidence, as introduced at the trial, was sufficient to show compliance with the contract as entered into; that is, so much so as to submit the matter to the jury. We think clearly it did. Had the jury found for appellants, and were appellee here urging reversal on the same grounds, we would be constrained to hold that these questions of fact should go to the jury.

The judgment is affirmed.