Ben H. STORY, Jr., et al., Appellants,

v.

Gertrude GIBBS et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1958.

Robin Griffin, Miller & Griffin, Lexington, for appellant.

Rodney Thompson, Winchester, for appellee.

CLAY, Commissioner.

Appellants have made a motion for appeal from a summary judgment denying them an $880 real estate commission.

Appellants were realtors and appellees listed a tract of real estate with them for sale. Appellants procured a buyer who made a written offer to purchase the property for $22,000. The offer recited that $10,000 of the purchase price would be raised by selling at auction two houses owned by one of the purchasers. It further recited that the balance of the payments would be secured by a first mortgage which appellees (the sellers) would "get or carry" if the money could not be obtained from the bank. The offer contained the usual provisions with respect to the deed, taxes and transfer of possession.

The offer also recited that the sellers agree to pay appellants $880 "for services rendered in this transaction".

This offer was accepted by appellees.

The buyers failed to make the cash payment of $10,000 or to otherwise carry out their agreement.

■ The only question in the case is whether or not this accepted offer constituted a binding and enforceable contract. See Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S.W. 111; Ferguson v. Harris, 200 Ky. 146, 254 S.W. 329. It clearly was. The recital of the method by which the buyers proposed to raise the $10,000 cash payment did not make the contract to purchase a contingent one.

■ Appellees contend that the contract was uncertain because the exact dates when the deed was to be made and possession given were not specified and the agreement was conditioned upon the title being merchantable. The contract provided that the deed was to be delivered "not later than soon as possible" and possession was to go with the deed. The reference to the merchantability of the title did not make the contract contingent because appellees were undertaking to convey such title. All of the material terms of this agreement were sufficiently definite and certain to be enforceable against the buyers.

■ Appellees contend that appellants would only be entitled to their commission when the transaction was completed. They argue that the commission is only earned when the buyer fully *performs* his part of the contract. This is a novel theory unsupported by reason or authority. The "completed transaction" in this case was the binding contract to purchase entered into between the buyer procured by the agent and the seller. Certainly there is nothing in this record to indicate that appellants undertook to guarantee the performance of the contract by the buyers. As a matter of fact, the recitation in the contract with respect to the payment of appellants' com-

mission indicates appellees considered that appellants had earned their commission by procuring these buyers to enter into this particular contract. The "transaction" was the contract of purchase.

We are of the opinion the trial court should have given summary judgment for appellants pursuant to their motion therefor.

The motion for appeal is sustained and the judgment is reversed with directions to enter a judgment for appellants consistent with this opinion.