STATE EX REL. VICTORY LANES, INC. *v.*
BLACKFORD CIRCUIT COURT.

[No. 30,705. Filed November 29, 1967.]

*Sidney E. McClellan, George S. Koons,* of Muncie, and *David B. Wilson,* of Hartford City, for relator.

*William E. Ervin,* and *Peterson, Ervin and Barry,* of Hartford City, for respondents.

*O. A. Pursley, pro se.*

LEWIS, J.—This is an original action wherein the relator seeks a temporary writ of prohibition and an alternative writ of mandate. The facts are as follows:

1. The relator is defendant in an action filed in the Blackford Circuit Court on the 18th day of December, 1964, in Cause No. 16263.

2. The plaintiff, in said cause of action, on December 18, 1964, filed an application for an appointment of a receiver *pendente lite.*

3. On the day said application was filed, the court fixed the 23rd day of December, 1964, for the hearing on said application for receiver.

4. At the time the date for the hearing was fixed, counsel for the relator was present in court and engaged in conversation with counsel for the plaintiff below.

5. On the 23rd of December, 1964, the relator filed its special appearance, a plea in abatement, a motion for a continuance, and a motion for change of venue from the judge. The Respondent Judge overruled the plea in abatement, the motion for continuance, and the motion for change of judge, and proceeded to the hearing on the appointment of a receiver. The motion for change of venue was unverified and was unsupported by affidavit. Such motion for change of venue was limited to the receivership application.

Supreme Court Rule 1-12B(1), 1964, reads as follows:

"In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one (1) change from the county and only one (1) change from the judge."

We conclude that under the law existing prior to the adoption of Rule 1-12B(1), the relator would have been entitled to a change of venue from the judge on the application for the appointment of a receiver if a proper application was filed.

Prior to Rule 1-12B(1), Burns' Indiana Statutes, Anno., § 2-1402, (1946 Repl.), read as follows:

"*Change of judge in cases not triable by jury.*—When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one [1] or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions."

In the case *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453, this Court said the provisions of Burns' Indiana Statutes, Anno., § 2-1402, (1933 Repl.) providing for a change ■ from the judge in certain proceedings is broad enough to include application for receivership in a pending suit.

We then come to the question of whether or not the application in the form filed, and at the time filed, was adequate to meet the other provisions of Rule 1-12B.

Supreme Court Rule 1-12B(7), 1964, reads as follows:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

The application for change of judge is as follows:

"STATE OF INDIANA $\left.\right\}$ SS:
BLACKFORD COUNTY

IN THE BLACKFORD CIRCUIT COURT
NOVEMBER TERM, 1964

BRUNSWICK CORPORATION $\left.\right\}$ CAUSE NO. 16263
VS
VICTORY LANES, INC. $\qquad$ RECEIVERSHIP APPLICATION ONLY

MOTION FOR CHANGE OF JUDGE

Victory Lanes, Inc., by its attorney, defendant, moves the Court for a change of venue from the Honorable Orville

A. Pursley the Judge before whom this cause is now pending for the following cause:

On account of the bias and prejudice of said Judge against the defendant, and to their defense of this action which bias and prejudice the defendant say now exists.

/s/ *David D. Wilson*
David D. Wilson
Attorney for Defendant"

It is evident from the application that the relator has not conformed with the provisions of Rule 1-12B(7). The application for the appointment of receiver was, on the 18th day of December, 1964, set for hearing, or trial, on the 23rd day of December, 1964. The setting of such hearing, or trial, was entered in the order book on the 18th day of December, 1964.

In his application for change from judge, *supra*, the relator did not conform to the requisites of Rule 1-12B(7) in that he failed to show in his motion, or any other supporting documents furnished us in such action, why he did not object when he first learned of the setting of such cause for trial. Relator failed to show that he acted promptly as required under Rule 1-12B(7), if his right to change of venue from judge was to be preserved.

The petition together with the supporting exhibits failed to show compliance with Rule 1-12B(7) and, in addition thereto, certain exhibits filed by the respondent indicate that relator, by counsel, had full knowledge of the setting for hearing of the application for the appointment of receiver and that relator, by counsel, delayed its objection as provided by Rule 1-12B(7).

We conclude that the temporary writ was improvidently issued, and a permanent writ is denied.

Hunter, C. J., Arterburn and Mote JJ., concur.

Jackson, dissents with opinion.

(Dissenting Opinion)

Jackson, J.—I am not able to agree with the majority opinion herein and therefore dissent thereto.

Relator's brief filed herein recites the following actions of the respondent judge as being erroneous in this to-wit:

"(a) Summarily overruling the plea in abatement filed by the Defendant in said cause;

"(b) Overruling motion of the Defendant for a change of judge in said cause;

"(c) Appointing a receiver for the Defendant in said cause."

The statement of the record as encompassed in relator's brief is as follows:

"1. That the relator is the Defendant in an action filed by the Brunswick Corporation on the 18th day of December, 1964, in the Blackford Circuit Court of Blackford County, Indiana, and docketed therein as Cause No. 16263 on the docket of said Court.

"2. That on the 18th day of December, 1964, said Plaintiff, Brunswick Corporation, filed its complaint against said Defendant, Victory Lanes, Inc., relator herein, in the Blackford Circuit Court, which said complaint was docketed therein as cause No. 16263 in said Court.

"3. That on the said 18th day of December, 1964, said Plaintiff filed its pleading in said Cause No. 16263, denominated and called an application for the appointment of a receiver pendente lite.

"4. That on the 18th day of December, 1964, the Court fixed the time for the hearing upon the application for the appointment of a receiver pendente lite and ordered notice to Defendant.

"5. That thereafter, on the 19th day of December, 1964, summons was filed in said cause in said Court.

"6. That thereafter, on said 19th day of December, 1964, notice of filing and date of hearing upon application for appointment of a receiver pendente lite was filed in said cause in said Court.

"7. That thereafter, on the 23rd day of December, 1964, the Defendant, Victory Lanes, Inc., by David D. Wilson, its attorney, filed its special appearance to contest jurisdiction.

"8. That thereafter, on said 23rd day of December, 1964, the Defendant, Victory Lanes, Inc., by David D. Wilson, its attorney, filed its motion for continuance.

"9. That thereafter, on the 23rd day of December, 1964, Victory Lanes, Inc., by its attorney, filed its motion for change of judge.

"10. That on the 23rd day of December, 1964, the plea in abatement of the Defendant was filed and summarily overruled, the motion of the Defendant for a continuance was filed and overruled, the motion of the Defendant for a change of judge was filed and overruled and a hearing on the appointment of a receiver and the appointment of a receiver were had and made in said cause in said Court.

"11. That on the 24th day of December, 1964, upon a showing that the receiver theretofore appointed on the 23rd day of December, 1964, declined to serve, the appointment and qualification of a receiver were had and made in said cause in said Court.

"12. That the record in said cause in said Court does not show any answer or pleading filed to the special appearance to contest jurisdiction filed by the Defendant, or that the issue tendered thereby was closed and tried; that the record in said cause shows plea in abatement of Defendant was summarily overruled by the Court.

"13. That the record in said cause in said Court shows that motion for continuance filed by the Defendant was filed within a reasonable time and stated sufficient reason for granting a continuance therein.

"14. That the record in said cause in said Court shows that the motion for change of judge filed by the Defendant was filed in time and that the Defendant was and is entitled to a change of judge, as so requested thereby."

In my opinion the relator has raised several very grave questions in this proceeding. The actions complained of are satisfactorily set out in the briefs. The question of jurisdiction attempted to be presented by the plea in abatement is one that, in my opinion, should have been heard on the merits and not disposed of in a summary manner.

I would point out that at the time the court fixed the time for hearing on the application, summons in the case at bar had not even been issued let alone served upon the relator

herein; consequently, the action below had not then even been commenced.

In my opinion the implementation of Rule 1-12B (7), under the circumstances delineated in the case at bar, constitutes a grave threat to the proper administration of justice and works an undue hardship upon litigants. The requirement that upon the filing of an action the party must immediately request a change of venue before summons is even issued is a travesty of justice because under our practice an action is not commenced until a summons has been issued. In the instant case the defendant was by the action of this court deprived of the right to seek a change of venue before the action had even been commenced in the trial court. The doctrine of waiver applied in such circumstances not only is conducive to fraud and fraught with danger, it is illegal. In my opinion said section of the rule should be abrogated forthwith, or modified, as in my opinion there can be no intelligent waiver of rights under such a rule.

The change of venue should have been granted. And in the case at bar the temporary writ heretofore issued should be made permanent.

NOTE.—Reported in 231 N. E. 2d 140.