Marjorie L. NEEL, Appellant,

v.

WAGNER–SHUCK REALTY CO., Appellee.

Court of Appeals of Kentucky.

Oct. 27, 1978.

Richard T. Ford, John W. Stevenson, Owensboro, for appellant.

Ronald M. Sullivan, Owensboro, for appellee.

Before MARTIN, C. J., and GANT and WINTERSHEIMER, JJ.

MARTIN, Chief Judge.

The appellant Marjorie L. Neel, a homeowner, entered into a standard form agreement known as a Multiple Real Estate Listing Agreement with the appellee Wagner-Shuck Realty Co., on September 18, 1976. The contract called for the realtor to sell the owner's residence at a price of $62,500.00. The realtor procured buyers, Ellen Hayes and Paul W. Hayes, who entered into a contract to purchase the Neel's house in January 1977. The sale was never consummated due to failure of conditions.

On April 4, 1977, a second Multiple Real Estate Listing was entered into by Neel and Wagner-Shuck Realty. This time the selling price was $59,950.00. The agreement was for a term of three months expiring on July 3, 1977. It provided:

> In the event . . . said real estate is sold for a price and upon terms . . . acceptable to Owners, during the term of this agreement . . . to any purchaser . . . then . . . Owners promise and agree to pay Realtor a commission of 6 per cent of the sale price. In the event Realtor finds a purchaser . . . who is willing to purchase . . . Owners agree to convey said real property to purchaser . . . .

An agreement for the sale of appellant's residence was reached on June 9, 1977. The purchasers were again Ellen Hayes and Paul H. Hayes. The agreed purchase price was $55,000.00. The only condition was "closing to be immediately." The necessary alterations were made in the January 15 contract and it was then revived by marginal notations. In accordance with the terms of the agreement and within ten days of acceptance by the appellant, the purchasers applied for a loan of $44,000.00 as described in the contract, and the loan was approved June 15. On July 4, 1977, appellant advised the real estate agent the contract was not acceptable and demanded a higher purchase price for the property. The purchasers wanted to close the sale on the agreed terms and, on numerous occasions in July, reaffirmed their ability to comply with the terms of the contract. The $44,000.00 loan commitment expired on August 1, and the transfer of the property from appellant to the purchasers was never consummated.

The realtor instituted this suit for its commission alleging that it had found a buyer who entered into a purchase agreement and that the realtor had thus earned its commission. The realtor moved for summary judgment and filed with the motion an affidavit of Evelyn Harris, the realtor's agent, and the two listing agreements and the purchase agreement. No counteraffidavits or other responsive pleadings were filed. The summary judgment was granted on December 9, 1977.

The appellant admits that as a matter of law a broker earns a commission whenever an offer to purchase is made and accepted by the owner. However, after this admission, appellant argues that appellee has failed to prove there was an enforceable agreement.

Appellant argues that whether the purchasers were ready, willing and able to purchase the property was a fact issue. Appellee responds that, as the court said in *Casey v. Hart Wallace & Co.*, 188 Ky. 441, 222 S.W. 111, 112 (1920), there are *two* alternatives that entitle a realtor to his commission:

> . . . a real estate broker may earn his commission, either by producing a person who is not only then, but all times, ready, able, and willing to purchase the property on the prescribed terms, *or* by obtaining from the customer a binding contract which the landowner himself

may enforce, in case of a breach or default in its terms. . . . Here the customers presented by plaintiffs were accepted by defendant, and the parties executed a valid and enforceable contract. That being true, plaintiffs were entitled to their commission, even though the parties, through the fault of one or the other, afterwards refused to carry out the trade. (Emphasis ours.)

The court uses the disjunctive "or." All that is required to entitled the realtor to his commission is a "binding contract." If such exists, it is irrelevant whether the purchaser is ready, willing, and able to perform or whether either party refuses to perform. The realtor has earned his commission.

■ Where a purchaser presented by a broker is accepted by the owner, as the purchasers were in this case on June 9, at a price of $55,000.00 and "closing to be immediately", and the parties enter into such a "binding contract" of sale, the broker then and there is entitled to his commission even if the purchaser proves to be financially irresponsible or fails to meet the payment schedule unless the broker has been guilty of bad faith, and no such claim is made or pleaded in this case. Seller has the option to accept or reject an offer such as the Hayeses made here, but if the seller accepts, then the broker's commission is earned. The court so held in *Swinebroad v. Foster*, 196 Ky. 459, 244 S.W. 881 (1922). Also so holding are *Ferguson v. Harris*, 200 Ky. 146, 254 S.W. 329 (1923), *Brinton v. Motte*, Ky., 244 S.W.2d 480 (1951), and *Story v. Gibbs*, Ky., 309 S.W.2d 334 (1958). In the latter case, the purchasers failed to close the sale and the court said at page 335:

The only question in the case is whether or not this accepted offer constituted a binding and enforceable contract. . . It clearly was.

Similarly, the contract in *Story v. Gibbs, supra,* provided that the deed was to be delivered "not later than soon as possible," and the sellers in that case also argued that the realtor was not entitled to his commission until the buyer fully *performs* his part of the contract. Rejecting that argument, the court said at page 335:

This is a novel theory unsupported by reason or authority. The "completed transaction" in this case was the binding contract to purchase entered into between the buyer procured by the agent and the seller. Certainly there is nothing in this record to indicate that appellants undertook to guarantee the performance of the contract by the buyers.

· The law of Kentucky is clear on the issue argued by appellant. When there is a binding contract to purchase, the realtor has earned his commission. The only condition in the present contract that would render it unenforceable was the purchasers' failure to secure a mortgage loan.[1] That is not before us, because they did secure a mortgage commitment.

Appellant cites *Flynn v. Hansen*, 313 Ky. 733, 233 S.W.2d 399 (1950), for the proposition that summary judgment was inappropriate because there was a fact issue to be determined by the trial court. In that case the condition was as follows:

$14,500.00 will be paid upon passing of deed provided the satisfactory loan can be secured as aforesaid within ten days from this date.

---

1. In a case cited by appellant, *TEC Corp. v. Nuclear Dynamics, Inc.*, 364 F.Supp. 1165 (W.D.Ky.1973), the court held that a broker is not entitled to his commission when the agreement by its terms contains a condition which must occur before the commission is to be paid, and the condition does not occur. The principle is not applicable to the instant case. In *TEC Corp.*, the contract provided that the option to purchase had to be exercised before a fee was due, and the option simply was not exercised. No such unperformed condition existed here to excuse owner from paying the commission.

The distinction between *Flynn v. Hansen, supra,* and the present case is the uncontroverted affidavit of Evelyn Harris that the loan commitment was obtained on June 15, and the purchaser remained ready, willing, and able to close the transaction under the terms of the sales agreement.

Rule 56.03 provides summary judgment is appropriate when ". . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." These are the two conditions which must exist for summary judgment to be appropriate. *New Amsterdam Casualty Company v. Allen Company,* Ky., 446 S.W.2d 278 (1969). If the appellant had proof that a genuine fact issue existed, it was appellant's duty to tender some proof to the court. CR 56.03, 56.05, and 56.06; *Conley v. Hall,* Ky., 395 S.W.2d 575 (1965); and *Tarter v. Arnold,* Ky., 343 S.W.2d 377 (1960). Appellant argues certain matters as proven facts. One is that there was a note taken as a deposit and that there was a default in the payment of the note. Appellant accepted the note, and there was an enforceable contract. The payment of the note, once it was accepted by appellant, has no bearing on the present case. Appellant next argues the purchase was conditioned upon the sale of the purchasers' Illinois residence; however, that condition was applicable to the January 15 contract and not the agreement of June 9 where the closing was to be immediate. Even had the condition been applicable, the sale of the Illinois property was a condition in favor of the purchasers, not the seller, and the fact that the purchasers were willing to consummate the sale entitles the realtor to its commission.

A statement of the holding in *Cook United, Inc. v. Waits,* Ky., 512 S.W.2d 493, 495 (1974), sets the standard for judicial interpretations such as are present in this case.

The question of interpretation in these circumstances is to be determined by the trier of fact if it depends on a choice among reasonable inferences to be drawn on the extrinsic evidence admissible apart from the application of the parol evidence rule. Otherwise, the question of interpretation is a question of law. A writing is interpreted as a whole and all writings that are part of the same transaction are interpreted together.

There is no genuine issue as to any material fact in the present case that requires extrinsic evidence for its proof. There may be extrinsic evidence, such as the ability to secure financing by June 15, but there is no dispute about the fact. Therefore, summary judgment in this case was an appropriate remedy.

The judgment of the Daviess Circuit Court is affirmed.

All concur.