The STATE of Indiana ex rel. The MARI-
ON COUNTY BOARD OF REVIEW and
Harold E. Bean, Jr., Harry E. Eakin,
Gerald Andrews, Philip Milby, and E.
Allen Hunter, as Members of the Marion
County Board of Review, Relators,

v.

The BOONE CIRCUIT COURT, Ronald
E. Drury, Judge of the Boone Circuit
Court, Respondents.

No. 180S19.

Supreme Court of Indiana.

Feb. 21, 1980.

City-County Legal Division, Indianapolis,
for relators.

Ronald E. Drury, Judge, Lebanon, for
respondents.

PIVARNIK, Justice.

Argument on Relators' Petition for Alter-
native Writ of Mandate was heard by the
Court on January 28, 1980. We granted the
Petition and ordered the Clerk to issue an
Alternative Writ of Mandate to the Boone
Circuit Court and the Honorable Ronald E.
Drury, as Judge thereof, commanding him
to vacate and expunge the Order of Decem-
ber 28, 1979, denying Relators' Motion for
Change of Venue from the County, and to
grant change of venue from said County in

the above-captioned cause. It was further ordered, on failure of Respondent to comply with said Order, that they file their return showing any reason why this Writ should not be made permanent. Respondents did file their return, setting forth their reasons why this Writ should not be made permanent, and we now consider that issue.

On December 3, 1979, Plaintiff filed a Verified Complaint for Injunctive and Declaratory Relief in the Marion Superior Court, which cause is entitled: "Henry R. Bayt, in his capacity as Center Township Assessor and Santa P. Bayt, Michael Lach, John T. Irish, Rudy S. P. Reyes, Earl C. Townsend, Jr., and Charles William Hudson, as Center Township Taxpayers for themselves and for all similarly situated Center Township Taxpayers, v. The Marion County Board of Review and Harold E. Bean, Jr., Harry E. Eakin, Gerald Andrews, Philip Milby, and E. Allen Hunter, as Members of the Marion County Board of Review," and is designated as Cause No. C79–441. On December 3, 1979, the City-County Legal Division of the City of Indianapolis, as agent for Relators, was served with a summons and copy of the complaint. On that same day the Marion Superior Court set a hearing for December 4, 1979, on the Complaint for Temporary Restraining Order. On December 4, the City-County Legal Division appeared on behalf of the Relators and filed a motion for continuance. On that same day, plaintiffs filed a motion for change of venue from the county. This motion was granted that same day and resulted in an order, dated December 12, 1979, venuing said cause to Boone County.

The plaintiffs subsequently hand-carried the venue order to the Boone Circuit Court and on December 18, 1979, the cause was docketed in the Boone Circuit Court. On that same day, a hearing was set for February 8, 1980. Relators received notice on December 19, 1979, that this cause had been docketed and set for hearing. Relators retained local counsel in Lebanon, Indiana, and said local counsel entered their appearance on December 20, 1979. December 21, 1979, was a Friday, and the following Tuesday was December 25, Christmas Day. The Boone Circuit Court was closed from noon, Friday, December 21, until the morning of December 26, 1979.

On December 26, Relators filed an objection to the trial setting and a motion for a change of venue from the county. The record shows that the Boone Circuit Court granted Relators' motion for change of venue from the county on December 26, 1979, and caused notices to be sent to the parties. Relators received their notice on December 31, 1979. On the morning of January 2, 1980, Relators received notice that plaintiffs had, on December 28, 1979, filed a motion with the Boone Circuit Court to reconsider its order granting Relators' change of venue. Plaintiff's motion also requested an early hearing on a class action motion. In the afternoon of January 2, Relators received a mailed notice from the Boone Circuit Court indicating that plaintiffs' motion to reconsider had been granted on December 28, 1979, the day on which it was filed, that the order changing venue from Boone County had been vacated, that Relators' motion for change of venue was denied, and, further, setting a hearing on the class action question. On January 4, Relators filed a "Motion to Reconsider and Set Aside Vacation of the Order Changing the Venue From the County," and on January 9, plaintiffs filed their Response to Relators' motion to reconsider. On January 10, Relators' motion to reconsider was denied. The next day, Relators filed an emergency application for a stay of the proceedings and a praecipe for Writ of Mandate.

Trial Rule 76(2) of the Indiana Rules of Trial Procedure provides for an automatic change of venue where such request is filed not later than ten (10) days after the issues are first closed on the merits. The issues are first closed on the merits upon the filing of an answer by defendants. Trial Rule 76(7) accelerates the ten day time limit where the court sets a cause for trial prior to the issues being first closed on the merits. In such a situation a party is deemed to have waived the right to a change of venue unless he makes objection to the setting as soon as he learns of the setting for

trial and accompanies said objection with a motion for change of venue. It is clear that T.R. 76(7) applies here, because no answer had been filed by the defendants when the cause was set for trial by the court.

The sole question is, then, whether the Relators filed their objection to the trial setting and motion for change of venue soon enough under the rule so as to require the court to grant them a change. The question is one of reasonableness. The language of the rule was certainly not meant to require that counsel must run to the courthouse immediately upon receiving the notice of setting. Timeliness depends on the facts and circumstances of the particular case. The purpose behind the timely requesting and granting of changes was aptly stated by our Court of Appeals in *Hunter v. Milhous*, (1973) 159 Ind.App. 105, 114, 305 N.E.2d 448, 454:

> "The waiver provision contained in Trial Rule 76(7) is consonant with the overall purpose of the timeliness provision contained in Trial Rule 76(2). The purpose of timeliness in our procedure governing change of venue is to reduce the unnecessary delay occasioned by the late filing of change of venue petitions which have as their real object the postponement or avoidance of trial. The rule contemplates expeditious trials and avoidance of delay or dilatory practice."

Citations omitted. In *State ex rel. Victory Lanes, Inc., v. Blackford Circuit Court*, (1967) 249 Ind. 178, 231 N.E.2d 140, we found that objection and motion for change of venue was not timely where the trial was set by the court in the presence of the Relator's counsel. Relator did not object to the trial setting at that time but did file a motion for change of judge on the day of trial. This was five calendar days and three business days from the time Relator learned of the trial setting in open court.

In the case before us, the Relators were not even aware that the cause had actually reached Boone County. As a matter of fact, the cause would not have reached there that quickly, except that the process was accelerated by the plaintiff's actions. We do not mean to infer that there was anything wrong with this procedure, but it certainly must be taken into consideration in determining whether Relator's actions were timely. The cause was docketed by the Boone Circuit Court on December 18, and a hearing was set for February 8. Relators were made aware of all of this on the next day, December 19. They then obtained local counsel who entered their appearances on the next day, and apparently prepared their motions for objection and change of venue on that day. The only time they would have had to file these objections and motions would have been late on the 20th or on the morning of the 21st, because the court had closed at noon on that day. The Court did not open for business again until the morning of December 26th, and Relators did file the motion at that time. To hold that Relators should have acted with more deliberate speed than they did would be patently unreasonable and not contemplated by the rule. We must recognize that attorneys need to counsel with their clients and local counsel must confer with forwarding counsel before finally determining what steps to take.

Respondent claims the Boone Circuit Court Clerk's Office was open all day on Friday the 21st and the objection and motion could have been filed there throughout the business day. This would have required Relators, after learning for the first time on the 19th that the cause had been docketed and a hearing date set, to contact and hire local counsel. They, in turn, would have had to find time in their schedule to prepare objections and motions and get them filed. Even if this had been completed and filed by Friday the 21st, no action could have been taken by the court, because the court was to be closed the 22nd, 23rd, 24th and 25th, and was not open for business again until the 26th. Filing the motions on the 21st would not have accelerated any action, because the motions would have lain in the Clerk's office during all of this time. It is also apparent that the Relators acted as quickly as anyone else in the cause. Objections to the granting of the motion for

**1112**

the change of venue by the Boone Circuit Court were not filed by the plaintiffs until two days after Relators filed their motions, and Relators were not notified of the vacation of the granting of a change of venue until five days later.

■ Respondents further claim that Relators should not be granted the relief of extraordinary writ because they have not expeditiously prepared and filed their verified petition for writ of mandate to this Court. Respondent claims, in this regard, that: (1) Relators should have filed their petition immediately after receiving notice that the court had vacated its earlier order granting a change of venue; (2) alternatively, Relators should have prepared and filed their petition upon being notified that a partial record of the proceedings had been prepared by the Boone Circuit Court and, (3) Relators are guilty of dilatory practices throughout the case. This argument is without merit for several reasons. First, we cannot say that it was improper for Relators to ask the court to reconsider its decision vacating the order changing the venue before applying for this writ. Further, the record clearly shows that a completed record of the proceedings below had not been prepared and certified by the Boone Circuit Court Clerk until January 23, 1980. This could not have been done any sooner, because she had to await the entire record and transcript from the Marion Superior Court. The Relators received the completed record on January 24, and presented their verified petition for writ of mandate to this Court's Administrator on the morning of January 25, 1980. Therefore, they acted as promptly as they could under the circumstances, and we cannot find that they were dilatory to the extent that they can be charged with laches here.

The temporary writ of mandate is made permanent.

GIVAN, C. J., and HUNTER, J., concur.

PRENTICE, J., dissents.

DeBRULER, J., not participating.