The STATE of Indiana on the relation of Clint BABER, Relator,

v.

The CIRCUIT COURT OF HAMILTON COUNTY, The Honorable Richard F. Detar, Judge, Respondent.

No. 283S38.

Supreme Court of Indiana.

Oct. 7, 1983.

George E. Martz, W. Brent Threlkeld, Martz & Threlkeld, Indianapolis, for relator.

Richard F. DeTar, Presiding Judge, pro se.

PIVARNIK, Justice.

On February 2, 1983, Relator Clint Baber filed his Verified Petition for Writ of Mandate, praying that an alternative writ of mandate issue against Respondents, Hamilton Circuit Court and the Honorable Richard F. DeTar, Judge, asking that Respondents be mandated to grant a change of venue from the county. Arguments on Relator's Petition for Alternative Writ were heard by this Court on February 2, 1983. On the same day, we ordered that an Alternative Writ of Mandate be issued by the Clerk of this Court commanding the Hamilton Circuit Court to grant Relator's Motion for Change of Venue. We further indicated we would write an opinion on this case whether or not a return was filed showing compliance with the alternative writ.

The facts are not in dispute. This cause of action was commenced by the filing of the plaintiff's complaint for damages on November 24, 1982. Summons was issued by certified mail and on the same date the plaintiff requested that the case be set for trial. On that same day, the trial court selected February 11, 1982 for the trial date. Although none of the parties applied any significance to it, the date for trial in the court records obviously contained a typographical error because the trial setting should have been February 11, 1983, instead of February 11, 1982. On December 6, 1982, the defendant (Relator herein) appeared by counsel. Defense counsel filed a Motion for Enlargement of Time on December 13, 1982, which was granted on December 14, 1982, enlarging the time to answer or plead to January 14, 1983. On December 15, 1982, the defendant filed his answer and Motion for Change of Venue from the County pursuant to Ind.R.Tr.P. 76. The trial court granted the Motion for Change of Venue from the County on December 17, 1982, and a panel of counties was named. On December 21, 1982, the plaintiff filed an objection to the defendant's motion for change of venue and a Motion to Reconsider concerning the granting of a change of venue. The trial court on that same date granted the Motion to Reconsider and set aside the order granting the change of venue. On December 22, 1982, the defendant, after learning that the trial court had reconsidered its ruling of December 17, 1982, filed a verified objection to trial setting and the second motion for change of venue stating that the defendant first learned of the trial setting on December 15, 1982. The defendant further stated that a copy of the plaintiff's objection and motion to reconsider had not been served on defense counsel as required by the trial rules.

On January 7, 1983, the trial court overruled the defendant's motion for change of venue from the county. The trial court reasoned that the motion for change of venue was not timely pursuant to the provisions of Rule 76(7). Trial Rule 76(2) provides for an automatic change of venue when such request is filed not later than ten days after the issues are first closed on the merits. Normally, the issues are first closed on the merits when the defendant files an answer. Rule 76(7) accelerates the ten day limit when the trial court sets a cause for trial prior to the issues being first closed on the merits. In such a situation, a party is deemed to have waived the right to a change of venue unless he makes objection to the setting as soon as he learns of the setting for trial and the objection is accompanied by a motion for change of venue. Here we are concerned with the application of Rule 76(7) because no answer had been filed by the defendant when the cause was set for trial by the trial court and, as a matter of fact, he filed his answer together with his motion for change of venue.

We determined that the time periods depend on the facts and circumstances of each particular case. Whether a motion is filed soon enough becomes a question of reasonableness. *State ex rel. Marion County Bd. of Review,* (1980) Ind., 400 N.E.2d 1109, 1111. The purpose of the time limits in our rules of trial procedure governing the change of venue is to reduce the unnecessary delay created by the late filing of change of venue petitions which have as their real object the postponement or avoidance of trial. Rule 76(2) contemplates expeditious trials and avoidance of delay or dilatory practice. *Hunter v. Milhous,* (1973) 159 Ind.App. 105, 114, 305 N.E.2d 448, 454.

It certainly cannot be said here that Relator's response in filing a change of venue had as its real object the postponement or avoidance of trial. Neither can it be said he was creating unnecessary delay because of a late filing of his motion for change of venue. Relator, as the defendant below, was placed in such a position because the trial court set the cause for trial the day the complaint was filed. This was on November 24, 1982. At that time, the defendant was not even served with process and was not obliged to take any action in the cause. Although the record does not show when he was served, the proceedings show that service was by certified mail and this adds three days to his obligation to appear in the action within twenty days after being served with notice of the suit. Relator-defendant did, as a matter of fact, enter an appearance twelve days later on December 6. Nine days later, on December 15, he filed his answer and his motion for change of venue from the county, pursuant to Rule 76. This was twenty-one days after the cause was filed and still within the period in which he was actually required to enter an appearance and respond to the complaint. This was prompt pleading that can in no way be categorized as dilatory or delaying. Under these circumstances, it is understandable that he did not realize there had already been a trial setting until he discovered it on the day he filed an answer on December 15, 1982. After receiving notice that the trial court had reconsidered its granting of the motion for change of venue and had denied it, he then responded promptly by objecting to the trial setting and renewing his motion for change of venue from the county. This motion was filed on December 22, 1982, seven days after the answer was filed and twenty-eight days after the complaint was filed. Defendant-relator therefore moved for a change of venue in a timely fashion pursuant to Rule 76 and it was incumbent on the trial court to grant it. Accordingly, the alternative writ is made permanent.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.