STATE FARM AUTOMOBILE
INSURANCE COMPANY,
Appellant–Defendant,

v.

Lorena JAMES, Appellee–Plaintiff.

No. 69A01–9003–CV–113.

Court of Appeals of Indiana,
First District.

Nov. 21, 1990.

J. Lee McNeely, M. Michael Stephenson and Stephen E. Schrumpf, McNeely, Sanders, Stephenson & Thopy, Shelbyville, for appellant-defendant.

Gary K. Kemper, Madison, for appellee-plaintiff.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

State Farm Automobile Insurance Company (State Farm), the garnishee-defendant, appeals the judgment and award of $390,000 to Lorena James (James). We reverse and remand.

## FACTS

Evelyn Eveslage (Eveslage) owned a 1981 Ford Fairmont automobile in Fall 1985, while she was living in Butler, Kentucky with her son and daughter-in-law, Tony and Robin Burriss. Eveslage and Robin applied jointly for liability insurance on Eveslage's car. Ed Schadler, an agent of State Farm, accepted the application dated August 22, 1985, and a binder for coverage was effective the same day. Eveslage and Robin were both insureds and contracting parties with State Farm. Part of the insurance premium was paid, and Eveslage received a proof of insurance card with an expiration date of February 22, 1986.

In October 1985, Eveslage moved to Indiana taking her car with her. Tony and Robin had her new address. Robin orally cancelled the car insurance policy and received a partial premium refund, payable to Eveslage and Robin. Eveslage denied knowledge of the cancellation or refund. On February 13, 1986, Eveslage was involved in a car accident in which James, a passenger, was injured. James sued Eveslage for her injuries. State Farm denied any coverage and refused to defend Eveslage. A default judgment was entered against Eveslage in the amount of $390,000.

Eveslage assigned to James her claim against State Farm, who refused to pay the judgment. James filed proceedings supplemental against State Farm as the garnishee-defendant. The trial court found that Eveslage did not cancel the policy and it was in effect on the date of the accident. The trial court ruled that State Farm was liable for the $390,000 judgment. State Farm brought this appeal.

## ISSUES

We restate the issues as:

1. Whether the trial court erred in refusing to grant State Farm's motion for change of venue from county.

2. Whether the trial court erred in refusing to grant State Farm's request for jury trial.

3. Whether the trial court erred in finding the insurance policy was in effect on the date of the accident.

## DISCUSSION AND DECISION

*Issue One*

State Farm argues the trial court erred in denying State Farm's motion for change of venue. State Farm claims T.R. 76(2) governs the filing, but James argues T.R. 76(3) or, alternatively, T.R. 76(7) applies.

We do not find T.R. 76(3) applicable to State Farm. T.R. 76(3) provides the time period to request a change of venue where a responsive pleading is not required to be filed. Generally, T.R. 69(E)(4) does not require further pleadings in proceedings supplemental. However, where the liability of an insurance carrier is raised for the first time in proceedings supplemental, an answer is required. *American Underwriters, Inc. v. Curtis* (1981), Ind., 427 N.E.2d 438, 443; *State, ex rel. Travelers Insurance Co. v. Madison Superior Court* (1976), 265 Ind. 287, 290, 354 N.E.2d 188, 191. State Farm was required to submit an answer to plead any affirmative defenses. Because State Farm's answer was mandatory, T.R. 76(3) does not apply. *See Travelers,* 265 Ind. at 290, 354 N.E.2d at 191.

We agree with State Farm's argument that T.R. 76(2) governs State Farm's filing for change of venue. T.R. 76(2) provides:

"... Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits."

The newly-raised issue of whether coverage existed prevented the issues from being closed on the merits until State Farm filed its answer. *See State, ex rel. Marion County Board of Review v. Boone Circuit Court* (1980), 272 Ind. 619, 621, 400 N.E.2d 1109, 1110.

■ Notwithstanding the foregoing, we find T.R. 76(7) was triggered when the trial court set the final hearing date and State Farm received service thereof. T.R. 76(7) states:

"[W]here a party has appeared at or received advance notice of a hearing prior to the expiration of the date within which a party may ask for a change of judge or county, and also where at said hearing a trial date is set which setting is promptly reduced to the order book, a party shall be deemed to have waived a request for change of judge or county unless within three days of the oral setting the party files a written objection to the trial setting and a written motion for change of judge or county."

T.R. 76(7) refers to the setting of the "trial date." Whereas this situation involves proceedings supplemental, the setting of the final hearing is analogous to the setting of a trial date, and we find the setting of the final hearing in proceedings supplemental is within the context of T.R. 76(7). *See Boone Circuit Court*, 272 Ind. at 621–22, 400 N.E.2d at 1110 (hearing to determine class action status considered a "trial" within the meaning of T.R. 76(7)); *Gulf Oil Corporation v. McManus* (1977), 173 Ind. App. 147, 151, 363 N.E.2d 223, 226 (same); *State, ex rel. Victory Lanes, Inc. v. Blackford Circuit Court* (1967), 249 Ind. 178, 180, 231 N.E.2d 140, 142 (hearing to appoint receiver deemed a "trial" within the context of T.R. 76(7)).

T.R. 76(7) accelerates the ten-day limit of T.R. 76(2) when the court sets the trial date before the defendant has filed its answer. *State, ex rel. Baber v. Circuit Court of Hamilton County* (1983), Ind., 454 N.E.2d 399, 400; *Boone Circuit Court*, 272 Ind. at 621–22, 400 N.E.2d at 1110. Under T.R. 76(7), the right to change of venue is waived if the party fails to object to the setting or to make a motion for change of venue within three days of notice of the setting.[1, 2] State Farm received notice on August 14, 1989. State Farm did not file a motion for change of venue until September 22, 1989, which was thirty-six days after the expiration of the time period under T.R. 76(7). Therefore, the trial court properly denied State Farm's untimely motion for change of venue.

*Issue Two*

■ State Farm contends the trial court erred by denying its request for jury trial. We find no error because State Farm made an untimely demand and thereby waived its right to a jury trial.

In a civil proceeding, a demand for jury trial must be made pursuant to Ind.Trial Rule 38(B). T.R. 38(B) requires the demand be made not later than ten (10) days after the first responsive pleading is due. This ten-day period applies whether the responsive pleading is mandatory or merely permissive. *See* T.R. 38(B); *Johnson v. Wabash County* (1979), 181 Ind.App. 281, 291–92, 391 N.E.2d 1139, 1146. As discussed in Issue One, State Farm's answer was a required pleading.

On August 14, 1989, State Farm received notice of the supplemental proceeding hearing. Therefore, State Farm was required to file a responsive pleading within twenty

---

**1.** On January 1, 1987, T.R. 76(7) was amended by the insertion of a three-day filing limitation. Prior to the amendment, the court viewed each particular case and determined whether the timing of the motion for change of venue was reasonable under T.R. 76(7). *See Baber*, 454 N.E.2d at 400; *Boone Circuit Court*, 272 Ind. at 622, 400 N.E.2d at 1111.

**2.** Although the language of T.R. 76(7) states, "within three days of the oral setting", we interpret these words as referring to situations where the defendant appeared before the trial court and was present when the trial date was set. Where the defendant is notified of the trial setting by mail, we hold that he has three days from receipt of the notice to object to the trial setting or make a motion for change of venue.

days. T.R. 6(C). An additional three days is allowed under T.R. 6(E) because State Farm received service by mail. State Farm's answer was due on or before September 6, 1989. Following T.R. 38(B), the demand for jury trial was due no later than September 18.[3] State Farm's request on September 22 was untimely. State Farm's right to a jury trial was deemed waived. T.R. 38(D). The trial court properly denied State Farm's untimely demand for jury trial. *See Terpstra v. State* (1988), Ind.App., 529 N.E.2d 839, 842–43; *Johnson*, 181 Ind. App. at 291–94, 391 N.E.2d at 1146–47.

*Issue Three*

■ State Farm argues the trial court's findings and conclusions that the policy was effective are not supported by the evidence and its conclusions of law are erroneous. The two-tier standard of review of the trial court's special findings of fact and conclusions of law that we must follow is: 1) determine if the evidence supports the findings; and 2) determine whether the findings support the judgment. We will affirm if the findings and conclusions are not clearly erroneous. *DeKalb County Eastern Community School District v. DeKalb County Eastern Education Association* (1987), Ind.App., 513 N.E.2d 189, 191.

The findings were not contested and our review of the record finds sufficient support for the trial court's findings. State Farm's contentions center on the court's conclusions that the policy was effective on the date of the accident.[4] State Farm specifically challenges the court's conclusions Nos. 4, 7, and 9. As this action concerns an insurance policy issued in Kentucky, Kentucky law governs the substantive issue of cancellation.

We find conclusion No. 4 to be an incomplete statement of Kentucky law. Conclusion No. 4 reads:

**3.** The thirty-third day fell on the weekend; therefore, State Farm had until the following Monday—September 18—to file its demand timely.

**4.** Although designated as findings of fact, the court's findings Nos. 16, 24, and 28 which de-

"Under the law of the Commonwealth of Kentucky, an insurance policy is a contract which cannot be cancelled except by mutual agreement. As both Robin Burriss and Evelyn Eveslage were contracting parties with State Farm Automobile Insurance Company, Robin Burriss alone could not cancel the contract for Evelyn Eveslage ..."

Record at 186–187. In Kentucky, an insurance policy is a contract which cannot be cancelled except by mutual agreement *unless a policy provision permits unilateral cancellation. Fidelity Mutual Life Insurance Company v. Heltsley* (1934), 254 Ky. 453, 457, 71 S.W.2d 1017, 1019 (emphasis added). Here, voluntary cancellation of coverage by the insureds was provided for by the contract language stating:

"5. Cancellation.

How You May Cancel. *You* may cancel *your* policy by written notice mailed or delivered to us. The notice must give us the date to cancel, which must be later than the date *you* mail or deliver it to us."

Supp. Record 2 at 29. Kentucky follows the rule that cancellation can occur only upon strict compliance with the policy terms. *Osborne v. Unigard Indemnity Company* (1986), Ky.App., 719 S.W.2d 737, 750. Unless the terms of a policy conflict with a statute, the terms will be enforced as drawn. *Id.* Another section of the policy confronts the situation where multiple insureds were covered by the same policy. This section reads:

"1. Policy Changes.

. . .

d. Joint and Individual Interests. When there are two or more named insureds, each acts for all to cancel or change the policy."

Supp. Record 2 at 29. This language in the policy cannot be ignored simply because it

clare the policy was not cancelled, that State Farm was wrong to believe such, and State Farm was liable as a garnishee-defendant, are conclusions of law and we will consider them as such.

is in a different section. The policy must be construed as a whole. *Neel v. Wagner–Shuck Realty Co.* (1978), Ky.App., 576 S.W.2d 246, 250. A reading of the entire policy shows that Robin had authority to cancel the policy as a co-insured. Eveslage accepted the policy terms as written when she submitted the application for coverage. Even if Robin cancelled the policy without Eveslage's knowledge, Eveslage accepted this possibility when she decided to enter the contract jointly with Robin as a co-insured. Although the result may seem unfair, the terms must be enforced as written. *See Osborne*, 719 S.W.2d at 750.

■ We find Robin effectively cancelled the joint policy when she notified her agent of intention to cancel, signed the memorandum of cancellation, and cashed the premium refund check.

James attempts to defend the trial court's conclusion that the policy was still in effect by arguing Robin's efforts did not cancel the policy. James contends Robin did not comply with the clear and unambiguous language in the policy on the procedure to cancel coverage. The steps to cancel the policy were quoted above in "5. Cancellation" section. Robin had requested cancellation orally, not by written notice as the policy requires. However, in Kentucky, an insurer may waive a provision if that provision was placed in the policy for the insurer's benefit. *Federal Union Life Insurance Company v. Lambert* (1935), 260 Ky. 703, 709, 86 S.W.2d 688, 691. We find the written notice requirement was a provision that benefitted the insurer which was waived by State Farm.

■ Notwithstanding our finding that Robin effectively cancelled the policy, we address James's further contention that the "memorandum of cancellation" was not a request for cancellation under the policy terms. James's contention that the memorandum does not request cancellation is meritless. It is unreasonable to contend that an insured would sign a memorandum of cancellation if the insured did not wish to cancel the insured's policy.

■ James also argues the memorandum is ineffective to cancel coverage because

the document is dated October 22, 1985, the effective date of cancellation marked therein is October 22, 1985, and a date stamp next to Robin's signature is October 31, 1985. James states this is inconsistent with the policy provision which requires: "The notice [of cancellation] must give us the date to cancel, which must be later than the date you mail or deliver it to us." Supp. Record 2 at 29. However, this argument fails because we find State Farm waived this requirement. *See Lambert*, 260 Ky. at 709, 86 S.W.2d at 691.

Lastly, James argues the policy was unclear and ambiguous. We note that James contradicts her earlier position that the cancellation language of the policy was clear and unambiguous. Appellee's Brief at 11. The trial court did not enter a finding that the policy was ambiguous. Where the trial court does not make a finding on an issue, a negative finding is implied. *Estate of Mark v. H.H. Smith Co.* (1989), Ind.App., 547 N.E.2d 796, 799. Upon review, we find the evidence supports the negative finding.

We reverse and remand with instructions to vacate the judgment of December 4, 1989, against State Farm and to enter judgment in favor of State Farm.

BAKER and BUCHANAN, JJ., concur.